THIS suit was instituted in Ghancery by Barnett, to enjoin and be relieved from ajudgment at law, oh. tained against him by .fames Morrison, as assin-iiee of a bond which Barnett had executed to William Mor. rison.
The bond wan given in part consideration of a con. tract on the part of William Morrison, to convey to Barnett, by deed with general warranty, his “ mills on Silver creek, and forty nine acres of land, on the west side of said creek, and one acre for an abutment on the east side &c. and to let him (Barnett) have « a good road through his (Morrison’s) land, to said mills, any place from the dividing line between Mor. rison and Barnett, from the edge of a marsh opposite to said Barnett’s bouse, in such manner as shall suit said Morrison?s convenience.”
2. Barnett, in his bill, complains that Morrison has not conveyed the land according to contract,' and partí ticularly charges, that the right of way contracted for, had been obstructed by those to whom Morrison had since sold the land, qver which the road was to pass, and that in consequence of such obstruction, he had suffered great damage, &c.
In an amended bid. Barnett alleges, that in order to have the privilege of • said road,’ he had been obliged since to purchase it for the sum of g-from Beñja. min Smith, the vendee of William Morrison ; and that William M. Morrison has acquired from his father, William Morrison, a partpf the land he, Barnett, was. entitled to, &c.
*70 The bill makes Benjamin Smith. William Morrison and his son William M. Morrison, defendants, and asks for a specific execution of the contract, as far as the same can be complied with. a< d tor an extinguishment of the judgment at law. so far as damages have been sustained by Barnett in consequence of the obstruction of the right of way. &c.
William Morrison in his answer alleges, that the 49 acres on the west; side of Silver creek, had been laid off and surveyed with the privity and consent of Barnett, and had been conveyed to said Barnett by Morrison ; and that he <Morrison) had procured John Moran, &c. in whom the legal title was, to convey to Bar. nett the one acre on the east side of the creek for the abutment, &c. Morrison further alleges, that Barnett had not been obstructed in bis right of way, and that he had procured Benjamin Smith, &e. who had become the proprietors, to convey to him by deed, a right of waj, on a road agreeably to his said contract, &c.
Smith, by his answer, admits having obtained the title to the land through which the road was to pass j states he has made a slight change in the road since he became proprietor of the land, and he alleges that he lias agreed to let Barnett have the road he wanted for $80. &C.
3. On a final hearing, the court below was of opinion, that M.orrison had complied with bis contract, in offering to convey forty-nine acres on the west side of Silver creek ; and that in addition to the conveyance which had been made by Moran to Barnett for the one acre on the east side of the creek, the court decreed the heirs of Morrison \ Morrison having died, and the suit being revived against them) to convey with warranty, and ordered the injunction tobe dissolved and the bill dismissed with costs and damages ; but without prejudice to the right of Barnett to prosecute an' action at law for any breach of the contract as to the road, or right of way, &c. From that decree Barnett has appealed to this court.
4. With respect to so much of Barnett’s claim as relates to the 48 acres on the west side of the creek, we perceive no necessity for his application to a court of equity. Prior to the commencement of Barnett’s suit, Morrison tendered to him a regular deed of convey. *71 ande for forty- nine acres, including the mill on the west Side of the ere-k; and although the boundaries contain. ed in that conveyance may not be in strict accordance to the legal import of the obligation given by Morrison ; yet under the generality of the language employed in the obligation, it was no doubt competent for the parties, by their mutual agreement, to fix on the precise boundary of the forty- nine acres, and the proof in the cause is satisfactory that the boundary conveyed by Morrison, was in fact surveyed and demarked by the mutual assent of both Morrison and Barnelt. as the boundary which the 49 acres on the west side of the creek, should assume.
jyhereamsñ but not the >pga> title to ,and- cove' vey^VwftU*” general war. rantv, ifhe offhe legal title convey to. tl,e ««venan, thereupon ex-cutes a det’d ”'ith covenaj1t of fantyhim'seif iris a com- * P!’-ance with jnsa conTi^t for the purchase of land tolet’I vendee^ave a good road t«it through vehder the stipulation for a parrot the contract, Although iso, v/iU^hi-Tcon; tract, the
After having thus agreed on the position of the 49 acres, Barnett should have accepted the deed made by Morrison, and ought not to he permitted to assert claim to different, lands, in a court of equity.
5. We are also of opinion, that Barnett lias no just cause to complain of the decree, as to the one acre on the east side of the creek. Moran, in whom the. legal title was, has in fact conveyed that acre to Morrison, and although under Morrison’s contract to convey ■with warranty, Barnett ought not to be compelled to accept the conveyance of Moran, the circumstance of Moran having conveyed, ought to be no objection ■with Barnett, when, in addition to that conveyance, the heirs of Morrison have been decreed to warrant the title. By the conveyance of Moran and the decree, Barnett will not only be invested with the legal title to the one acre ; but he will also be protected in that title by the warranty of the heirs of William Morrison, with whom the contract of purchase was made.
6. But, as to the residue of the decree, we cannot accord with the circuit court, ff, as we have suppos ed, Barnett ought not to be compelled to accept the deed of Moran, only for the one acre on the east side ofthecreek, it would seem to follow', that his bill claiming a perfect execution of the contract with Morrison, ought not to have been dismissed with costs. But that part of the decree to which we more particularly dissent, is. the dismissing of Barnett’s bill, so far as .re. spects his claim to be compensated for the obstruction to the right of way, which Morrison contracted to se. cure. It is true, that, by the decree, Barnett is per. Knitted to assert his claim for compensation in a court *72 of Iaw . and ;t will not be denied, but that for any. breach of Morrison’s covenant, an action at law may be maintained. But the circumstance of an action at law being sustainable, does not, we apprehend, justify the court of equity in refusing its aid. Generally sPeaki,)£’ wherever adequate relief may be had in a court of law, a court of equity ought not to interpose, merely for the purpose of decreeing compensation, But the present case is not one which comes within the Ser|eral rule. The relief which might have been ob. tained in an action at law, would not be adequate to the demands of justice. The right of way stipulated Í01‘ ^ Morrison, formed an integral part of the consideration of the obligation upon which there was a re-co very at law; aud without a fulfilment of Morrison’s stipulation,.in moral justice Barnett should not be com. P®1 led to discharge the judgment recovered again,st him at law. The stipulations of each are, in equity, mutually dependent; and equity will never suffer him who has been in default, to coerce a compliance on the part of the other, without first requiring a fulfilment of the stipulations on his part, or an abatement ade. quate to the injury sustained by bis default. Instead, therefore, of dismissing Barnett’s bill, and turning him round to his action at law, to seek compensation for the obstruction of the right of way, the court' below skou^ have either decided on the amount of damage sustained by Barnett in consequence of that obstrue, tion, or called a jury to ascertain the amount; and after [iaving ascertained the damage, the court should have perpetuated the injunction against the judgment at law, for the amount thereof and costs. These ob. serrations have been predicated on the supposition of ®arnett having been damnified by a breach of Mom-son’s covenant to secure him a way ; grid after an attentive examination of the evidence on" that point, wa ¡iave no hesitation in pronouncing, that Barnett has, *u sustained an injury by a breach of that cove, nant. The obligation is not as expressive as might be desired, of the precise part of Morrison’s land over wb¡c¡, jjie roa(] was t0 be conducted ; but Barnett was to have a ‘good’ road to bis mill, commencing at a designaled point on the line of Morrison, and it is per. fectly obvious, that although the road was to be con. as mj^ht suit Morrison’s convenience, it never *73 ..could have been intended by the parties, that it should be conducted the circuitous direction which Morrison and those to whom he sold afterwards, desired to give it; especially, as á road on that direction, instead of passing through Morrison’s land, from the point de signated for its beginning, would pass on his line, and instead of being a good road, is proven to be over ground difficult, if not impracticable, to be converted into a reasonably passable road for Wagons,
vender Shall edVthe landy' and mill, yet if the vendee shall, by the vender, be aeprvédof the road to ioin^he re” eove,y of the purchase ie°don«\ * -it is no ob.jection to tbs of^court^of chancery, •that damages might have eredfbi'C°V" breach of contract in a Ou^acontract to convey land, a deed had been ten-feed andT' ■suit in chan•ery on the thehnd de^ scribed in the deed was not the identical piainant^as entitled to, and the defendant^ died suit winch was revived againstliis hears. he
court was of op'nion that íained'in^he det-d so tendercd; was ¡^^which thedtfendant was bound to ^d fhatthe heirs ought to have beea s-milav to that tendered by j^®ir ance
The amount of compensation which should have been decreed to Barnett, is certainly, from the evidence, in. volved in some obscurity ; we think, however, eighty dollars would be an adequate indemnity. He appears 'to have given but that_sum to Smith, for a road which is acceptable to him. and one which probably would comport with the covenant of Mormon-
7. It may not be improper to remark, that it would have been more correct for the court to have decreed the heirs of Morrison to convey to Barnett the forty nine acres described in the deed w hich was tendered by their ancestor. For, as Barnett refused to accept the deed from Morrison, in his life time, the title must have continued to reside in Morrison, until his death; and without a conveyance from the heirs, Barnett cannot now be invested with the title.
The decree of the court below must, therefore, be reversed with costs, the cause remanded to that court, and a decree there entered compelling the heirs of Morrison to perfect Barnett’s title, in conformity to the principles of this opinion, and making the injunction perpemal for §80 and costs, and dissolving the injunction for the resicue of the judgment and damages thereon.