## Lawrence Hendricks v. Edward Toole and others.

*Set-off: Parties.*   There can be no set-off between claims where the debtor on one side is not the creditor on the other side, nominally or really.

*Set-off: Mortgages: Parties: Husband and wife.*   A claim against a complainant by a married woman defendant for a liability as surety with other persons, belonging to the married woman and others, cannot be set-off against a mortgage given by her husband and herself to secure a debt of the husband on his property.

HENDRICKS *v.* TOOLE.

*Equity jurisprudence: Vague equities: Recognized rules.* Courts of equity have no power to enforce any vague equities which involve no rights or interests protected by the recognized rules of justice.

*Set-off: Equity jurisprudence.* Upon ordinary debts the rules of set-off are alike, both at law and in equity.

*Submitted on briefs May 1. Decided May 12.*

Appeal in Chancery from Kent Circuit.

*Taggart & Simonds,* for complainant.

*A. T. McReynolds,* for defendants.

CAMPBELL, J.

Complainant, as assignee, filed his bill to foreclose a mortgage given to Catharine F. Browner by Edward and Bridget Toole, to secure a promissory note of Edward Toole for two hundred dollars, dated January 25, 1870, and payable in three years, with ten per cent. interest semi-annually. The mortgage contained a condition that if any default should be made in the payment of any installment, and the same should remain unpaid and in arrear for thirty days, the whole amount should become due and payable at the option of the mortgagee, her representatives or assigns.

The bill was filed in October, 1872, on a default in the semi-annual interest due July 25, 1872, for which the option had been exercised of declaring all due.

The defense was rested partly on a claim that there had been a proper tender and no default, but chiefly upon the ground that the assignment had been made without consideration, to avoid a set-off.

The circuit court rejected the defense of tender, but allowed the set-off. The only appeal is that of the complainant, and the only question raised by the appeal is upon the allowance of the reduction. It is necessary, therefore, to consider its nature and foundation.

The note and mortgage belonged to Catharine Browner, and it is denied that complainant paid any consideration. The question may be considered, for the purposes of this inquiry, as if that denial was maintained.

The note was the individual debt of Edward Toole, and not of Bridget Toole. It is not claimed in the answer, nor is it shown, that Bridget Toole had any individual or proprietary title to the lands mortgaged, or was in any way liable on the debt. The answer relies on a debt from Catharine Browner to Bridget, which is in no way defined or explained.

The proofs show no such debt, and no debt whatever except one of suretyship. Bridget Toole appears to have been entitled to about eighty-one dollars from the estate of a sister, Julia Foley. Another sister, Mary Foley, was administratrix, and Mrs. Browner was one of two sureties on her bond. In December, 1872, after this bill was filed, judgment was rendered on the bond in the name of the judge of probate for the sum of four hundred and thirty-four dollars and fifteen cents, in which Bridget's claim was included and of which it was really one fifth.

. Her right was then an undivided interest in a common judgment rendered against Mary Foley as principal, and Mrs. Browner and one Sheldon Leavitt as sureties, on which Mrs. Browner's obligation was not primary nor a sole obligation.

There was no such reciprocity of obligation, and no such identity of parties, as could make such an interest of Bridget Toole a legal or equitable set-off against a sole claim belonging to Mrs. Browner, even if it had been a claim against Bridget, instead of against her husband.

There was no connection between the two claims whereby a right of set-off became attached on any special equities. The dealings were entirely independent. There was nothing therefore to make an exception to the ordinary rules of set-off, which upon money demands in ordinary cases are the same at law and in equity.—*Comp. L.*, § *5062*.

Mrs. Browner has no demand against Bridget Toole. Edward Toole has none against Mrs. Browner; and Bridget has no claim against Mrs. Browner, except jointly as a surety for another principal debtor. The claims to be set

off against one another must always be such that the debtor on one side is the same as the creditor on the other, either as the nominal or the real party in interest.

It was not pretended on the argument that the set-off came within any known rule; but it seems to be imagined that there is some vague equity out of which the court may work it. But courts have no power to create equities contrary to law.

The set-off was improperly allowed. The decree must be reformed so as to require payment of the entire amount of two hundred and seventy-two dollars and six cents, with interest from March 2, 1874, and costs of both courts, to be made on or before the first day of June, 1874, and for a sale in default of such payment, on the terms and in manner set forth in the decree.

The other Justices concurred.