HENRY A. SEYMOUR and WALTER DORCHESTER, as Assignees, etc., Plaintiffs, v. NELSON DUNHAM, Defendant.

*Set-off — when a demand not due may be set-off against the assignee of an insolvent.*

On April 2, 1880, the defendant deposited with the plaintiffs' assignor, one Pratt, who was carrying on business as a private banker, $600, and received there for a certificate stating that the same would be paid to himself or his order on return of the certificate properly indorsed, with interest at the rate of five per cent per annum, if left four months. At that time Pratt held a note made by the defendant which had fallen due on January 23, 1880. On June 2, 1880, Pratt failed and made a general assignment to the plaintiffs. Prior to that time the defendant had made no demand for the money deposited.

In an action by the assignees upon the note; *held*, that the defendant was entitled to set-off the amount deposited, against the amount due upon the note. (Bockes, J., dissenting.)

Controversy submitted upon an agreed statement of facts under section 1279 of the Code of Civil Procedure.

Orlow J. Pratt, on the 2d day of June, 1880, was and for five years had been a private banker, doing business at Whitney's Point, Broome County, N. Y. On that day he made an assignment for the benefit of creditors to the plaintiffs. At that date he held the note in question on which there was due August 5, 1880, $611.68. On the 2d day of April, 1880, defendant deposited with Pratt, at his banking house, $600, and took a certificate of deposit therefor. No part of the deposit has been paid, and on August 5, 1880, the certificate was presented to plaintiffs and claimed to be a set-off.

The question submitted was whether the certificate of deposit would be allowed as a set-off against the note.

*David L. Maxfield*, for the plaintiffs.

*W. D. Edmister*, for the defendant.

Learned, P. J.:

Pratt, a private banker, held a note of Dunham which was passed due. Afterwards Dunham made a deposit with Pratt of $600, and took a certificate therefor; the deposit being payable on

the return of the certificate. Subsequently Pratt, being still the holder of Dunham's passed due note, and having still Dunham's money on deposit, made a general assignment to the plaintiffs, for the benefit of creditors, under the general assignment act. The question is whether Dunham's deposit should be set-off against his note.

The argument for the plaintiffs is that such a deposit is not due until demand; that, as no demand had been made before the assignment, the deposit was not then due; while the note was due, and therefore that the deposit is not a set-off.

There is no doubt of the general principle that an action cannot be maintained for moneys thus deposited until after demand. And the reason for this is that a right of action does not arise, until there has been a breach of contract. And in cases of such a deposit a breach of contract does not take place, until a refusal of payment.

But the plaintiffs, as I think, err in arguing that, because a demand is necessary before an action can be brought, therefore the indebtedness is not presently payable. The depositary may lawfully pay the debt at any time. He could not do this, if it were a debt payable in the future. The depositor may lawfully demand the debt at any time. He could not do this, if it were a debt payable in the future.

A debt payable in the future is one which neither the debtor has a right to pay, nor the creditor has a right to demand *instantly*. That is not the case with such a deposit. There is no future day, till which the respective rights of the parties are postponed. The creditor may demand payment at any time, and, therefore, the deposit is a debt payable *in presenti*.

Let us suppose that Pratt, instead of making an assignment, had sued Dunham on the passed due note. Can it be doubted that Dunham might have set-off in such an action the deposit, producing and surrendering the certificate? Could Pratt have objected in opposition to such a set-off that Dunham had not made a demand for the deposited money before the day when Pratt commenced his action? The reply to such an objection would have been that a demand was only for the depository's protection, when called upon to pay; but that no demand was needed when the deposit was to be used only as a set-off or defense.

In *Jordan* v. *National S. and L. Bank* (74 N. Y., 467) the notes on which the defendant claimed to apply the deposit were not payable at the death of the intestate. But it is remarked in the opinion that, after the paper fell due, unless other rights have intervened, the bank may hold the balance of deposits and apply it on the paper. This confirms what is above shown, that deposits are debts payable *in presenti*, although a demand is necessary before action brought. Of course it is not meant that Pratt could have safely applied this deposit to the overdue note. Because he had given the certificate and, therefore, he could not know that other rights had not intervened by the assignment of the certificate. The remark is cited only to show that deposits are not debts payable *in futuro*, within the meaning of the matter now under consideration.

But, again, aside from the statute, equity requires that the deposit should be applied on the notes. (*Lindsay* v. *Jackson*, 2 Paige, 581.) The banker has become insolvent and made an assignment. This shows that no demand of the deposit is needed for his protection. He owed Dunham and justice requires that the mutual credits should be adjusted, one against the other. This principle is recognized. (*Smith* v. *Felton*, 43 N. Y., 419.) The plaintiffs were assignees of Rich, a private banker, and as such had come into possession of a note of the defendants which had been discounted by Rich. The defendants, at the time of Rich's failure, had on deposit with him more than enough to meet the note. The note was not due at the time of the failure, and was made by one defendant to the order of the other, while the deposit was to the credit of defendants' firm. It is true that, in that case, it appears that on the day the bank was closed the defendants applied to the teller and said that they wanted to draw out their deposits, and then that they wanted to apply them on the note. But the decision is placed on "the equitable rule requiring cross demands to be set-off against each other, if from the nature of the claim or the situation of the parties justice cannot otherwise be done." The only reason why in that case this act of the defendants was important was, that their note was not yet payable; and therefore it was for them to elect to apply the deposit to a debt payable in the future. If, as in the present case, their note had been passed due, no request to apply the deposit to it would have been

of any consequence. "Technical objections which would be valid at law will not avail to defeat equitable set-off."

Judgment should be rendered for the defendant, with costs.

BOCKES, J. (dissenting):

The defendant's note was dated November 21, 1879, and was payable sixty days after date. It fell due, therefore, January twentieth — twenty-third next following its date. The assignment to the plaintiffs, which carried title to the note to them, was made June 2, 1880. On the second day of April last preceding, the defendant deposited with the plaintiffs' assignor, who was doing business as a private banker under the name and style of O. J. Pratt, banker, $600, and took therefor a certificate of deposit, as follows:

"BANKING-HOUSE OF O. J. PRATT,

"$600.          WHITNEY'S POINT, N. Y., *April* 2, 1880.

"Nelson Dunham has deposited in said banking-house six hundred dollars, payable in bankable currency to himself or order on return of this certificate properly indorsed, with interest at the rate of 5 per cent per annum, if left four months.

"O. J. PRATT,

"No. 2,438.          *Banker, D.*

"You cannot draw any money on this certificate unless you bring it with you."

The certificate of deposit was not presented for payment until August 5, 1880, when the defendant made presentation of it, demanded payment, and claimed to have it apply as a set-off against his aforesaid note. Payment was refused and the right of set-off was denied.

The claim or demand evidenced by the certificate of deposit was not due until the latter was presented for payment August 5, 1880. An action could not have been maintained upon it, nor would the statute of limitations commence to run against it until presentation and demand. The cases that hold this rule of law are numerous. (*National Bank of Fort Ed.* v. *W. Co. N. B.*, 5 Hun, 605; *Fort* v. *McCully*, 59 Barb., 87; *Payne* v. *Gardiner*, 29 N. Y., 146; *Howell* v. *Adams*, 68 id., 314, 321; *Sullivan* v.

*Fosdick*, 10 Hun, 173, 182; *Pardee* v. *Fish*, 60 N. Y., 265.) As regards the right of set-off here, the case of the *Kingston Bank* v. *Gay* (19 Barb., 459, 460) is directly in point. The doctrine of this case has never been questioned. There are also many cases holding the doctrine that in an action by an assignee, the defendant cannot set-off a demand against the assignor not due at the time of the assignment of the subject of the action. (*Martin* v. *Kunzmuller*, 37 N. Y., 396, and cases there cited; *Murray* v. *Deyo*, 10 Hun, 3–6; *Beckwith* v. *Union B. of N. Y.*, 9 N. Y., 211.) In all the cases the rule is declared to be that an allowance to a party by way of set-off is always founded on an existing demand *in presenti*, and not one that may be claimed *in futuro*. It does not appear that any change in the law of set-off has been effected by the new Code of Procedure in a case like the present. It is suggested that the right of set-off in this case should be exercised as an equitable right, notwithstanding the law applicable to a case of mere legal right. But as was said by Judge FOLGER, in *Jordan* v. *N. S. and L. Bank* (74 N. Y., 473), "equity follows the statute and the law, unless there are peculiar circumstances presented." And Judge ANDREWS said in *Bathgate* v. *Haskin* (59 N. Y., 533) that "while, as a general principle, courts of equity follow the rules of law in enforcing set-offs, they exercise an original jurisdiction over the subject, and in cases of peculiar equity and under special circumstances will enforce a set-off in cases not within the letter of the law." So in *Lindsay* v. *Jackson* (2 Paige, 581) it was held that equity would permit a set-off in a case not within the statute of set-off.

The case here before the court, however, comes within the letter of the law which declares in what cases set-offs may be allowed. (Code of Civil Pro., § 502, sub. 2.) It is there provided that "if the action is upon a negotiable promissory note or bill of exchange which has been assigned to the plaintiff after it became due, a demand existing against a person who assigned or transferred it after it became due, must be allowed as a counter-claim, to the amount of the plaintiff's demand, *if it might have been so allowed against the assignor, while the note or bill belonged to him.*" It is urged that the mere insolvency of the assignor of the note raises a sufficient equity on which to ground the defendants' claim of set-off

in this case. That this has not been so regarded is evident from the cases cited. In *Martin* v. *Kunzmuller* (*supra*) the action was brought by the assignees, who got their title to the claim on which they brought the suit under an assignment for the benefit of creditors. The following cases were of the same character: *Beckwith* v. *U. B. of N. Y.* (9 N. Y., 211); *Myers* v. *Davis* (22 id., 489); *Wells* v. *Stewart* (3 Barb., 40); *Hicks* v. *McGrorty* (2 Duer, 295). In these cases the claim to set-off was made against the assignees (the same as in the case in hand), and it was disallowed notwithstanding the insolvency of the assignor. Those cases have not been overruled, nor has the doctrine there declared ever been questioned. The true rule is laid down by Judge DENIO, in *Myers* v. *Davis* (22 N. Y., 493), as follows: "Where the one claiming a set-off has a demand against the other, presently payable, and the other party is insolvent, the former may claim to have the set-off made, though the demand of his adversary against him has not become payable; but if before the demand of the party claiming the set-off becomes mature, the opposite claim has been assigned, * * * the right of set-off no longer exists." This is the doctrine of *Bradley* v. *Angel* (3 N. Y., 475), and of *Lindsay* v. *Jackson* (2 Paige, 581). The case of *Smith* v. *Felton* (43 N. Y., 419) is not in conflict with those above cited. On page 422, Judge ALLEN says: "Had then, the present defendants, after the failure of Rich, *and before the assignment by him*, brought an action, for the equitable relief which they now claim, they would have been entitled to it within the principle of the case cited." (*Lindsay* v. *Jackson, supra.*) In *Smith* v. *Felton* the right to set-off had become settled by the action of the defendants before the assignment. Prior to that event the defendants had demanded to have the set-off allowed. So here, if the defendant, prior to the assignment to the plaintiffs, had presented his certificate of deposit for payment to their assignor, his right of set-off would have been undoubted, for in that case the counter-demand would have been due before the right of the plaintiffs' attached. In that case the right of the defendant to a set-off would have been perfect under the statute. The cases in which the court will interfere to declare a set-off in equity are stated in *Hatch* v. *The Mayor* (11 W. D., 135), to be: Those, where one debt is contracted on the faith of another, or where there is an agreement between the

parties that one debt shall be discounted from another, or where there is a rule of law on which to base its action, or where there is some intervening equity that renders the interposition of the court necessary for the protection of the demand.

I find no authority either in law or equity giving support to the defendant's claim of set-off in this case. The plaintiffs are entitled to judgment on the case presented for decision.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment for defendant on submission that certificate of deposit is set-off against note, with costs.