BERNARD ROTHSCHILD AND OTHERS, RESPONDENTS, *v.* JACOB W. MACK, ASSIGNEE, ETC., APPELLANT.

*Set-off — when allowed in equity as against an assignee, where the debt sought to be set-off was not due at the time of the making of a general assignment by the insolvent debtor.*

On September 10, 1884, the plaintiffs indorsed and discounted, at a bank in Rochester, a note for $5,000, made by the firm of Buchman Brothers & Co., to the order of, and indorsed by, the firm of Rindskopf Brothers & Co., of the city of New York, and remitted the proceeds thereof to the said firm of Rindskopf Brothers, being induced to so act by the representation made to them by the latter firm that the note was as good as the Bank of England, and that the plaintiffs would run no risk in indorsing it. Upon the maturity of the note, on December 22, 1884, the plaintiffs were compelled to pay the note.

At the time the note was given, the firm of Buchman Brothers & Co. was, and ever since has been, insolvent, and on September 20, 1884, it made a general assignment. The firm of Rindskopf Brothers & Co. was, at the time of the delivery of the note, and ever since has been, insolvent, and on December 19, 1884, made a general assignment to the defendant.

In this action, brought by the plaintiffs to have the amount so paid by them set off, and applied in extinguishment of an indebtedness of the plaintiffs to the firm of Rindskopf Brothers & Co., which became due and payable about January 1, 1885, a judgment was rendered in their favor.

*Held,* that it should be affirmed.

*Littlefield* v. *The Albany County Bank* (97 N. Y., 581) followed; *Martin* v. *Kunzmuller* (37 id., 396) and *Myers* v. *Davis* (22 id., 489) distinguished; and *Chance* v. *Isaacs* (5 Paige, 592–594) doubted and not followed.

APPEAL from a judgment in favor of the plaintiffs, entered upon a decision made at the Monroe Special Term.

*David Hayes*, for the respondents.

*Stern & Myers*, for the appellant.

HAIGHT, J. :

This action was brought to have a demand in favor of the plaintiffs set-off and applied in extinguishment of a claim against the plaintiffs held by the defendant.

The facts, as found by the trial court, were substantially as follows : The plaintiffs were indebted to the firm of Rindskopf Brothers & Co., of the city of New York, in the sum of $2,796.77, which became due and payable about January 1, 1885. On or about the 6th day of September, 1884, the firm of Rinkskopf Brothers & Co. indorsed and delivered to the plaintiffs a promissory note, executed by Buchman Brothers & Co., of Cincinnati, Ohio, for the sum of $5,000, and requested the plaintiffs to raise for them, at the Traders' National Bank of Rochester, the amount of the note and give them the proceeds, at the same time representing to the plaintiffs that the note "was as good as the Bank of England ; that the plaintiffs should indorse it, and that there was no risk in their doing so." That the plaintiffs thereupon, and on the 10th day of September, 1884, indorsed the note and delivered the same to the Traders' National Bank of Rochester, and obtained the amount of the note, less the usual discount, and thereupon forwarded the proceeds thereof to the firm of Rindskopf Brothers & Co., who received and used the same ; that the note became due on the 22d of December, 1884, and was, on that day, presented for payment at the place where it was made payable, and payment thereof demanded, which was refused, and thereupon the same was duly protested and notice of non-payment was given to the plaintiffs and to Rindskopf Brothers & Co. Thereupon the note was paid by the plaintiffs, and no part thereof has ever been repaid to them ; that the firm of Buchman Brothers & Co. were, at the time of making the note and ever since has been, insolvent, and, on the 20th day of September, 1884, made a general assignment; that the firm of Rindskopf Brothers & Co. were, at the time of the delivery of the note to the plaintiffs, and ever thereafter, insolvent, and, on the 19th day of December, 1884, made a general assignment to the defend-

ant for the benefit of creditors; that the plaintiffs indorsed the note and procured and delivered to Rindskopf Brothers & Co. the proceeds of the discount, relying upon the statement made to them, to the effect that "the note was as good as the Bank of England, and that there was no risk in their indorsing it;" and also on their liability or indebtedness to Rindskopf Brothers & Co. which was thereafter to mature and become due and payable.

It is contended, on the part of the appellant, that at the time of the assignment, the plaintiffs had no present claim due and payable by the assignors, and that, consequently, they had no right to set-off; that a court of equity can only decree a set-off in the case of mutual credits due at the time of making the assignment.

The fact is undisputed that at the time of the making of the assignment the note was held by the Traders' National Bank of Rochester, indorsed by the plaintiffs.

In the case of *Martin* v. *Kunzmuller* (37 N. Y., 396), it was held that an allowance to a party, by way of set-off, is always founded on existing demands, *in presenti,* and not on one that may be claimed *in futuro*; that in an action by an assignee, the defendant cannot offset a note made by the assignor which fell due after the assignment of the subject of action was made. And in the case of *Myers* v. *Davis* (22 N. Y., 489), it was held that until a demand becomes matured, a set-off may be defeated by the assignment of the claim, although the assignor be insolvent. But these cases were actions at law, and the set-off was attempted under the statute. In the case of *Chance* v. *Isaacs* ( 5 Paige, 592–594), it was held that the set-off could not be decreed, for the reason that the plaintiff was not the owner of the note at the time of the assignment, although he was liable upon it as an indorser. The chancellor, in delivering the opinion, says: "It is now well settled that a person who receives a negotiable promissory note from the payee, out of the usual course of business, or in security for an antecedent debt, and not for a present consideration, such as the payment of money, the delivery of goods, or the relinquishment of an existing security, takes it subject to all equities which exist against it in the hands of the former holder; and this principle applies with peculiar force to the voluntary assignee of an insolvent debtor who receives negotiable paper from the assignor under a general assignment for

the benefit of creditors. In the present case, therefore, if the complainant had been the holder and owner of the note of Isaacs, at the time this assignment was made, I should have no hesitation in declaring that Smyth took the assignment of the complainant's notes subject to the equitable right of the latter to have the note given to himself set off against them, although this note was not due at the time of the assignment. * * * And as this note did not belong to the complainant at the time of the assignment, although he was contingently liable for the payment thereof, I am satisfied the vice-chancellor was right in supposing that no equitable right of set-off then existed which attached to the complainant's notes in the hands of the assignee." It is upon this case that the appellant chiefly relies, and if it is to be followed it must defeat the plaintiff's recovery. But we are inclined to doubt the soundness of the rule as applied to the facts of the case under consideration. The court, as we have seen, has found that not only the makers, but the firm of Rindskopf Brothers & Co., were, at the time of the delivery of the note to the plaintiffs, and ever thereafter, insolvent; that the plaintiffs borrowed the money at the Traders' National Bank upon the note so indorsed by them, so that the only contingency remaining to make their liability fixed was the presenting of the note at its maturity, demanding payment and the serving of notice of non-payment. This contingency did not depend upon any act of the makers, the defendants, or the defendants' assignors. A court of equity has the power to permit an equitable set-off, in cases not within the statute, if from the nature of the claim, or the situation of the parties, justice cannot be obtained by a cross action, and that, even though the debt of the complainant to the defendant is not due, if the defendant is insolvent. (*Lindsay* v. *Jackson*, 2 Paige, 581; *Gay* v. *Gay*, 10 id., 369; *Smith* v. *Fox*, 48 N.Y., 674; *Davidson* v. *Alfaro*, 80 id., 660–662; *Shipman* v. *Lansing*, 25 Hun, 290.)

In the case of *Smith* v. *Felton* (43 N. Y., 419), it was held that the amount of a partnership deposit with an insolvent banker was a proper subject of set-off, in an action brought by the assignee, in trust for creditors of such bank, on a note held by the banker, made by one of the partners and indorsed by the other for partnership purposes, although such note was not due at the time of the assignment.

In the case of *Littlefield* v. *The Albany County Bank* (97 N. Y., 581), the action was for a set-off in equity. The plaintiff and defendant, Jagger, were partners in business, as manufacturers, and one Perry prosecuted them for infringing letters-paten and obtained a judgment against them for $50,000. The case was pending on appeal when the plaintiff bought of Jagger his interest in the firm, and gave promissory notes therefor. It was agreed that the purchase should not affect Jagger's liability in the Perry suit, but that the plaintiff should attend to its defense, and that Jagger would pay one-half of the expenses and of the recovery, if the judgment was sustained. At the maturity of the notes, Jagger sued the plaintiff on the notes, and while the action was pending he assigned to the Albany County Bank all moneys which he might recover thereon. He recovered judgment, and subsequently the plaintiff settled the Perry suit, paying the sum of $50,000. He then brought action against the bank and Jagger, to have the amount so paid by him in settlement of the Perry suit, which belonged to Jagger to pay, to be offset upon the judgment which had been recovered against him upon the notes. It was held that he was entitled to the offset.

It appears to us that this case is decisive of the question under consideration. At the time of the assignment by Jagger to the Albany County Bank the plaintiff had not paid the Perry judgment. The case was still pending upon appeal, and his liability to pay depended upon the affirmance thereof. He was not, in fact, liable to pay Jagger's portion of the judgment, only as such liability grew out of the fact that he was a member of the firm, and could, therefore, be compelled to pay the whole.

No other question is presented which requires discussion. The judgment should be affirmed, with costs.

SMITH, P. J., BARKER and BRADLEY, JJ., concurred.

Judgment affirmed, with costs.