THE CAMDEN NATIONAL BANK

*v.*

ABIGAIL GREEN.

1. The bank discounted a note of $1,500 of A. G., the husband of G., the defendant. A. G. gave checks on this fund until it was reduced to $846.06, when he died, leaving a will in which he made the defendant his sole legatee and executrix. She procured this $846.06 and other moneys to be transferred to her individual credit in the same bank. When the $1,500 note fell due, there was to the credit of the defendant more than the amount of it. Nor had the amount of her credit been reduced below the $846.06 at any time. The bank charged the note to her account. The defendant brought an action at law and recovered judgment for the entire sum due on the account prior to the said charge. This bill is filed to restrain the collection of the judgment except so much as is in excess of the $846.06. It appearing that the estate of A. G. has been declared to be insolvent—*Held*, that the bank is entitled to the relief prayed for.

On bill, answer and proofs.

*Mr. Howard M. Cooper*, for the complainant.

*Mr. C. A. Bergen*, for the defendant.

BIRD, V. C.

Albert Green, in his lifetime, procured this bank to discount a note for him in the sum of $1,500. Before it came due, Green died, leaving $846.06 of the proceeds of said note to his credit on the books of the bank. He left also a last will, by which he gave all his estate to his wife, the defendant, and made her his sole executrix and legatee. She proved the will and qualified as executrix, and then sent her agent to the bank, with a check covering the $846.06, and had that sum passed to her own individual credit. She had also drawn several checks on other banks for the balance of deposits to the credit of her husband at the time of his death, which the said agent had placed to the credit of Mrs. Green in the bank of complainant. The whole amount

Camden National Bank v. Green.

-of the said deposit exceeded the sum of $1,500. Before the said note became due, several checks had been drawn against the said -deposit by Mrs. Green, and several additional sums had been -deposited in favor thereof. But notwithstanding the drafts made -on said fund, at no time was it reduced below the sum of $846.06, the balance of the proceeds of the note so discounted at the time of the testator's death. And when the said note fell due, it was charged up to the account of Mrs. Green, there being at that time $1,500 on deposit to her credit.

Nevertheless, Mrs. Green drew her check for the whole amount which was due to her prior to the charge of the note so dis-counted, and, payment being refused, she brought her action at law and recovered a judgment for the whole amount of the credit. The bank offered to show that it was entitled to retain the balance -of the proceeds of this note, by virtue of an agreement between the bank and said agent, but failing in that, it was without relief in a court of law. Hence the complainant seeks the aid of a -court of equity, in the hope of sustaining a defence to such claim to the extent of the $846.06.

Four points have been pressed upon my attention by the com-

Note.—Whether insolvency, *per se*, is a sufficient ground for allowing a set-off in equity, where it could not be allowed at law, seems never to have been expressly decided in this State, although discussed in the following cases: *Robbins* v. *McKnight, 1 Hal. Ch. 642, 647, Green, C. J.; Hendrickson* v. *Ander-son, 2 Hal. Ch. 594, 599, Halsted, C.; Brewer* v. *Norcross, 2 C. E. Gr. 219, 226, Green, C.;* see, also, *Waterm. Set-Off §§ 431–441; Middleton* v. *Pollock, L. R. (20 Eq.) 29; Watts* v. *Sayre, 76 Ala. 397; Marshall* v. *Cooper, 43 Md. 46; Levy* v. *Steinbach, 46 Md. 212; Condon* v. *Sheehan, 46 Miss. 710; Reppy* v. *Reppy, 46 Mo. 571; Davidson* v. *Alfaro, 16 Hun 353, 80 N. Y. 660; Second National Bank* v. *Hemingray, 34 Ohio St. 381; Brazelton* v. *Brooks, 2 Head 194.*

Equity may enjoin proceedings on a judgment at law where the judgment -creditor is indebted to the judgment debtor and is insolvent, *Bettison* v. *Jen-nings, 8 Ark. 287; Ponder* v. *Cox, 28 Ga. 305; Payne* v. *Loudon, 1 Bibb 518; Hughes* v. *McConn, 3 Bibb 254; Smith* v. *Field, 6 Dana 361; Edminson* v. *Bax-ter, 4 Hayw. 112.*

Where the set-off existed when the action at law was brought, or the judg-ment creditor became insolvent after recovering the judgment, *Chicago R. R. Co.* v. *Field, 86 Ill. 270; Quick* v. *Lemon, 105 Ill. 578; Lyon* v. *Petty, 65 Cal. 322; Smith* v. *Muirhead, 3 Grant Ch. 610; Cummins* v. *Bentley, 5 Ark. 9; Walker* v. *Wiginnton, 50 Ala. 579; Carter* v. *Compton, 79 Ind. 37; American Bank* v.

plainant : (1) That the $846.06, which was transferred at the request of Mrs. Green from the account of her deceased husband, were the proceeds of the note which had been discounted for his benefit. (2) That the account of Mrs. Green was never reduced below the amount of $846.06. (3) That the bank has not filed any claim with the executrix within the time required by law. (4) That the executrix has taken proceedings to declare the estate of the said decedent insolvent.

(1) It was thought not to be of slight importance in this effort to sustain an equitable set-off, which cannot be recognized at law, to show that the controversy between the parties grew out of the same pecuniary transaction, or pertain to the same matter or thing, so that the natural equity spoken of in the books enables the court to protect the one party against injustice from the other. Story, in his *Commentaries on Equity Jurisprudence* § *1434*, says : "But if there is a connection between the demands equity acts upon it and allows a set-off under particular circumstances." See, also, § *1437*. *Jordan* v. *National Shoe and Leather Bank, 74 N. Y. 467 (30 Am. Rep. 319*); *Bathgate* v. *Haskin, 59 N. Y. 533, 538; Lindsay* v. *Jackson, 2 Paige 581.* Nor can there

*Wall, 56 Me. 167;* but the set-off must have been obtained by the defendant in the action at law before action brought, *Ex parte Theys, L. R. (25 Ch. Div.) 587; Goldthwaite* v. *National Bank, 67 Ga. 549; Mack* v. *Woodruff, 87 Ill. 570; Haugh* v. *Seabold, 15 Ind. 343; Convery* v. *Langdon, 66 Ind. 311 ; Cook* v. *Lovell, 11 Iowa 81; Root* v. *Taylor, 20 Johns. 137; Irons* v. *Irons, 5 R. I. 264; Union National Bank* v. *Hicks, 67 Wis. 189; Deseam* v. *Babers, 62 Miss. 421 ; Schmidt* v. *Crofts, 2 Brev. 266;* but see *McGinnis* v. *Allen, 2 Swan 645; Fields* v. *Carney, 4 Baxt. 137.*

That a bank which has discounted a note for a depositor may retain and set-off his deposit against the note when it becomes due, and he is then insolvent, see *Cavendish* v. *Geaves, 24 Beav. 163; Agra Bank* v. *Hoffmann, 11 Jur. (N. S.) 335; Ex parte Howard National Bank, 2 Low. 487;* but that the bank is not legally obliged to do so, see *Whittington* v. *Farmers Bank, 5 Harr. & J. 489; Flournoy* v. *First National Bank, 79 Ga. 810.*

The rule as to a depositor's right of set-off is the same in case of the bank's insolvency, *Beatty* v. *Scudday, 10 La. Ann. 404; Seymour* v. *Dunham, 24 Hun 93; Munger* v. *Albany City Bank, 85 N. Y. 580; Skiles* v. *Houston, 110 Pa. St. 254.*

In *Thomas* v. *Howell, L. R. (18 Eq.) 198,* a testator had borrowed £6,500 from his bankers to be repaid on a specified day, before which he died, leaving

Camden National Bank v. Green.

be the slightest doubt but that, had this $846.06 remained in the bank to the credit of the deceased testator when the note fell due, the bank would have had the right to apply it to the payment of the note *pro tanto*. *Jordan* v. *National Shoe and Leather Bank, supra; Morse Bk.* §§ *328, 330; Jones Liens* §§ *241, 242* &c.

(2) It is of consequence, in such cases, to be able to trace and identify the same fund, subject-matter or thing which represents the transaction, or concerning which the parties contracted. It is this which gives rise to the lien or equitable claim which is recognized as distinguishable from set-offs allowed at law. And this idea is expressed with not a little force and clearness by Lord Mansfield, in *Dale* v. *Sollet, 4 Burr. 2133*. Though the action was at law, the language of his lordship can never be quoted amiss in the discussion of any such issue. The question was whether a broker was entitled to £40 out of £2,000 for his services in the sale of lands for which he received £2,000, without pleading it by way of set-off. The court said : " This is an action for money had and received to the plaintiff's use. The plaintiff can recover no more than he is in conscience and equity entitled

£629 standing to his credit.—*Held*, that his balance was to be treated as a set-off against his debt due to the bankers, and not to be dealt with as an asset in the hands of his executors ; see *Light* v. *Leininger, 8 Pa. St. 403*.

In *State Bank* v. *Armstrong, 4 Dev. 519,* an intestate, owing a bank the money due on a judgment recovered by the bank against him, and also owing moneys on simple contract, died leaving a balance on deposit in the bank.—*Held*, that the bank could set-off the deposit against the simple contract debt, at its option, and could not be compelled to apply it to the judgment at the administrator's instance.

In *Ford* v. *Thornton, 3 Leigh 695*, a depositor procured a bank to discount his note, and died before it matured, leaving a deposit in the bank larger than the amount of the note.—*Held*, that, if his estate proved insolvent, the bank might retain enough of the deposit to satisfy the note, although there were other debts of superior dignity.

In *Citizens Bank* v. *Bowen, 21 Kan. 354*, A. was indebted to a bank, and afterwards joined his wife in executing a mortgage on their homestead to secure a loan from a stranger. The money thus obtained was deposited in the bank in the wife's name, and partly drawn out by her. In an action by the wife against the bank to recover the balance of the deposit—*Held*, that the bank could offset her husband's debt.—Rep.

to, which can be no more than what remains after deducting all just allowances which the defendant has a right to retain out of the very sum demanded. This is not in the nature of a cross-demand or mutual debt; it is a charge which makes the sum of money received for the plaintiff's use so much less." It is said that, in the case in hand, the bank never parted with the $846.06 parcel of the proceeds of the discounted $1,500 note up to the time that it became due. It is true that the $846.06 was transferred to the account of Mrs. Green; but it is insisted that that can make no difference in the application of legal principles, since she is simply the representative and stands in the place of the deceased testator. I am quite clear that the fact of her having the deposit made in her individual name is in nowise a prevention of the application of equitable principles, and this is especially so since she is the sole legatee; and if she alone were interested, and not creditors, I think there would be no difficulty in pronouncing a decree for complainant.

(3) The only importance to be attached to the fact that the bank has not filed its demand or claim with the executrix is, that, since the estate is insolvent, it will lose its entire demand, unless there is such equity in this behalf as is claimed. And yet if this equity does exist, then the claim of the bank is superior to this extent to that of any other creditor. The neglect of the creditor in such case does not move the court, but the equitable right, if one is ascertained. And this may be affirmed of every such case, as we shall now see.

(4) In such questions insolvency has always been regarded as of great consequence. In this case the executrix filed her petition, declaring the estate of the testator insolvent, and asking the aid of the court in the premises. It will be found that, so far as the courts of this country have had this question under consideration, the insolvency of one dealer greatly advances the interests of the other, when the latter still has the means in hand with which to discharge the claim made against him either by the insolvent or by his representative, in whole or in part. *Receivers* v. *Paterson Gas Light Co.*, *3 Zab. 283; 299; Bathgate* v. *Haskin, supra; Jordan* v. *National Shoe and*

*Leather Bank, supra; Lindsay* v. *Jackson, supra; Gay* v. *Gay, 10 Paige 369; Simson* v. *Hart, 14 Johns. 63; Ford* v. *Thornton, 3 Leigh 695.* In this last case that which I find frequently affirmed is stated, that is, that equitable set-offs or discounts existed prior to the statute, citing *Ex parte Stephens, 11 Ves. 24; Ex parte Blagden, 19 Ves. 466;* and *Ex parte Flint, 1 Swanst. 30, 34;* and adds, that the doctrine of stoppage *in transitu* has always been extended farther than that of set-off, even under the English statute respecting mutual credits. In this case Gregory, who was indebted to the bank on a note payable in sixty days, died before its maturity, having a ·deposit in bank larger than the amount of the note. His estate was insolvent. It was held that the bank had the right to deduct the whole amount of the note from the sum on deposit, even though there were claims against the estate of a superior dignity to the debt due to the bank. The court said (*p. 698*): "Had Gregory, in his lifetime, sued the bank for the deposit, though it could not set-off at law, because his note was not due, yet, upon showing in a court of equity that Gregory and his endorsers were insolvent, there could be no question of its right there to stop the amount in its own hands."

It was thought that the transfer of the account to the individual name of Mrs. Green constituted a successful defence, but, as intimated, I cannot perceive that this makes any material difference, since the rights of no others have intervened; for, until the estate was finally settled, she could only hold these moneys in trust, just as they were held at the instant of her husband's death in trust by the bank. She might thwart the forms of mere legal procedure, but not equitable. The real character of the transaction, or the true owner of a fund, or of an account, or of a deposit, may be shown. *Waterm. Set-Off* §§ *217–219; Chandler* v. *Drew, 6 N. H. 469; Andrews* v. *Varrell, 46 N. H. 17; Doyley* v. *Doyley, 2 McCord 185; Hendricks* v. *Toole, 29 Mich. 340; Stair* v. *York Bank, 55 Pa. St. 364; Viets* v. *Union National Bank, 101 N. Y. 563, 568, 573; Van Alen* v. *American National Bank, 52 N. Y. 1, 6; Frazier* v.

*Erie Bank, 8 Watts & S. 18; Armstrong* v. *City of Lancaster, 5 Watts 68 (30 Am. Dec. 293).*

I think it is well settled that, when an estate passes into the hands of an assignee, receiver or administrator, the other party may come into equity, if there be no relief at law. *Receivers* v. *Paterson Gas Light Co., 3 Zab. 283, 294; McLaren* v. *Pennington, 1 Paige 102, 112; Miller* v. *Receiver, 1 Paige 444.*

The executrix and legatee having, in a formal manner, declared the estate insolvent, gave to the complainant a right to equitable relief. The injunction should be made perpetual against recovering any more of the judgment at law than that which is in excess of $846.06, without costs.