53　623<br>119a　54

DAN S. RICHARDS AND ANOTHER, AS ASSIGNEES OF MARTIN C. ROCKWELL AND MELVIN C. ROCKWELL, AND OF MARTIN C. ROCKWELL & CO., FOR THE BENEFIT OF CREDITORS, APPELLANTS, *v.* ELMINA LA TOURETTE AND OTHERS, RESPONDENTS.

*Counter-claim — against assignees who acquired the chose in action sued upon by them before its maturity.*

In an action, brought for the foreclosure of a mortgage by the assignees of a private banker, a counter-claim was interposed by one of the defendants, who had assumed payment of the mortgage, arising out of a deposit which had been made by such defendant with the assignor. By the terms of the mortgage the sum secured to be paid thereby did not become due until a date subsequent to that of the execution of the general assignment by the banker.

*Held,* that as, at the time of the assignment, nothing was due upon the mortgage, and as, at that time, the defendant could not have maintained an action to set off the amount of his deposit with the private banker, as against the amount due upon the mortgage held by him, that such right of set-off did not constitute a demand existing against the banker, at the time of the assignment thereof, within the meaning of section 502 of the Code of Civil Procedure, and could not be set up as a counter-claim in an action brought for the foreclosure of the mortgage by the assignees.

*Richards* v. *Village of Union* (48 Hun, 263), followed ; *Smith* v. *Felton* (43 N. Y., 421), distinguished.

APPEAL from a judgment, entered April 15, 1889, upon the report of a referee in Broome county.

Plaintiffs, as assignees of Martin C. Rockwell, commenced an action to foreclose a mortgage made by La Tourette to secure a part of the purchase-money upon certain premises conveyed, to wit : To secure the sum of $1,700 in ten years from the 30th day of March, 1880. On the 24th of March, 1884, La Tourette conveyed the mortgaged premises to the defendant Edward C. Mersereau, subject to the mortgage, " which mortgage said Mersereau, by the terms of the deed to him, assumed and agreed to pay. On the 9th of March, 1885. Rockwell and Rockwell, as individuals and as alleged partners, under the name of M. C. Rockwell & Co., made a general assignment for the benefit of creditors to the plaintiffs of all their individual and firm property, and the plaintiffs qualified as assignees and commenced this action upon the bond and mortgage, which were a part of the assets that came to them under the assignment. The firm of M. C. Rockwell & Co. assumed to be private bankers in the village of Union prior to their assignment (although the referee found that no such partnership, in fact, existed, and that Martin C. Rockwell was the real owner of the business), and the defendant Mersereau had on deposit with them, as bankers, subject to his check, the sum of $193.51, at the time of the assignment, and Mersereau also had a certificate of deposit for the sum of $267.73, payable, with interest, on demand and return of the certificate of deposit. No demand for the payment of the certificate of deposit had been made prior to the assignment to the plaintiffs.

The referee found that on the 6th of March, 1889, there was due upon the bond and mortgage $907.16, and that there remained due to Mersereau on his certificate and on his deposit $596.51.

And as a conclusion of law he found, viz.: "That the amount which should be thus applied is $596,51, leaving the amount unpaid on said bond and mortgage $310.65, for which sum I direct that the usual judgment of foreclosure and sale be entered, with the disbursements in this action in favor of the defendant Edward C. Mersereau."

*Chapman & Lyon*, for the appellants.

*E. C. Moody*, for the respondents.

HARDIN, P. J.:

Upon this appeal the pivotal question is whether the defendant Mersereau was entitled to set off the claims which he held against the Rockwells against the mortgage which the plaintiffs, as assignees seek to foreclose. At the time of the assignment by the Rockwell, to the plaintiffs nothing was past or overdue upon the mortgage. The principal had not matured, nor had any interest become overdue, nor had there been any demand of payment of the money on deposit with the banking-house, nor any return of the certificate and demand of payment thereof.

In *Richards* v. *Village of Union* (48 Hun, 263) we held that the plaintiffs, being the owners of an order for the payment of money before it came due, they were clothed with all the rights of assignees before maturity of negotiable instruments, and that the defendant was not entitled to offset, as a counter-claim against the said order, the balance of money due it from the firm. Our decision was placed upon the ground that "at the time of the assignment the defendant was not entitled to offset or counter-claim against said order the balance of money due to it, $221.17. Before the order came due the defendant had notice of its assignment to plaintiffs. If the defendant, on the day before the assignment, or the day after the assignment, had commenced the action to recover the balance due its treasurer, the order in question would not have been a legal offset or counter-claim against the balance due to the defendant."

It is insisted in behalf of the respondent that our decision in that case "is in no way a precedent to govern this," and the only suggestion made why it is not is found in the remark of the respondent's

counsel, to wit : " It was not contested, and only submitted on points presented by the assignee." That was an action upon an order, and this is an action upon a bond and mortgage. At the time the assignment was made to the plaintiffs, Mersereau could not have maintained an action to set off either his deposit or his certificate of deposit against the mortgage held by Rockwell, as the mortgage was not, nor was any part of it, then due and payable.

In *Smith* v. *Felton* (43 N. Y., 421) the note on which the assignees brought the action was not due at the time of the assignment to them, or at the time of the failure of their assignor, nor was the note on interest, and it was said, therefore, " the holder would lose nothing by a present payment," and in that case " the plaintiffs took title to the note, subject to the equitable claim of the defendants, as it existed at the time of the assignment, which was to set off their debt against the note to the amount of the latter, and the legal title will not avail to defeat this prior equity of the defendants." Thus it appears that the right to set-off was rested upon the circumstance that although the note was not due, *yet, as it did not bear interest*, the holder, at the time of making the assignment thereof, would not suffer by a set-off. In the circumstance we have mentioned that case differs from the one before us.

In *Lindsay* v. *Jackson* (2 Paige, 581), the debt of the complainants who sought to compel an offset was not due, and the debt to them from the defendant was overdue, and an injunction restraining the defendants from disposing of their debt was sustained, and the chancellor observes : " The complainants alone had any interest in obtaining the time of credit which was given on these demands. It might present *an entirely different question* if the defendants' debt was now due from the complainants, who were seeking to compensate it by a claim against the defendants, payable at a future day." (See *Young* v. *Guy*, 10 J. B. Moore, 193.) That case furnishes no authority for the contention of the defendants here.

In section 501 of the Code of Civil Procedure it is provided that a counter-claim, in an action on a contract, may be set up of " any other cause of action on contract existing at the commencement of the action." That provision is limited and restricted, however, by the language found in section 502 of the Code of Civil Procedure. In subdivision 1 of the latter section it is provided that " if the

action is founded upon a contract which has been assigned by the party thereto * * * a demand existing against the party thereto * * * at the time of the assignment thereof, and belonging to the defendant, in good faith, before notice of the assignment, must be allowed as a counter-claim, to the amount of the plaintiff's demand, *if it might have been so allowed against* the party or the assignee, while the contract belonged to him." Applying the provision just quoted to the case in hand, it is to be observed that while the bond and mortgage belonged to Rockwell they were not due, and, therefore, the defendants' claim was not such an one as " might have been so allowed against the party while the contract belonged to him." ( *Wells* v. *Stewart*, 3 Barb., 40.) In *Bradley* v. *Angel* (3 Comst., 475), the complainants held debts which were not due, and they sought to compel an offset against them of debts held by the defendants' testator which were overdue; and in speaking of the situation GARDINER, J., says: " The proposition is, in effect, to change the contract of the parties, in some of its most important provisions, in order to meet a supposed equity arising from matters *ex post facto.*"

In *Martin* v. *Kunzmuller* (37 N. Y., 397) it was held that, " in an action by an assignee the defendant cannot offset a note made by the assignor which fell due after the assignment of the subject of the action was made."

*Seymour* v. *Dunham* (24 Hun, 95) is distinguishable from the case before us. There the action was upon a promissory note which fell due before the holder thereof made an assignment to the plaintiffs, who brought an action thereon, and an outstanding certificate was allowed to be offset, although the defendant had made no demand for the money deposited, a majority of the court being of the opinion that, as the banker had become insolvent, "no demand of the deposit is needed for his protection," and that deposits are debts payable *in presenti*, and it was also intimated, viz., " that no demand was needed when the deposit was to be used only as a set-off or defense."

In *Jordan* v. *National Shoe and Leather Bank* (74 N. Y., 470) it was held that a bank " has not a right to retain the balance of a customer's deposit to pay or apply upon an indebtedness of the customer to the bank not yet matured."

In *Munger* v. *Albany City National Bank* (85 N. Y., 580) it was held that there is no right of action upon a certificate of deposit in ordinary form issued by a bank until demand of payment, and in the latter case the court observed, in reference to *Smith* v. *Felton* (*supra*), viz. : " We repeat that, there, the defendants were willing and desirous to pay the debt owing by them, whether then payable or not, and had so acted as to make the debt owing to them become accrued, due and payable, and the debtor to them was insolvent."

In respect to the case in hand we are lead to apply the remark found in *Myers* v. *Davis* (22 N. Y., 492), in the opinion of DENIO, J., viz. : " The defendants' difficulty is that at the time of the assignment they had no demand against any one" entitling them to a set-off, and by the assignment the creditors have become interested in the proceeds of the bond and mortgage, and to allow an offset " would change the contract of the parties to the prejudice of the other creditors of the" assignor.

If the foregoing views are correct, the referee fell into an error in allowing an offset against the plaintiffs, who were assignees for the benefit of creditors.

Judgment reversed upon the exceptions and a new trial ordered, with costs to abide the event.

MARTIN and MERWIN, JJ., concurred.

Judgment reversed on the exceptions and a new trial ordered before another referee, with costs to abide the event.