·Dan. S. Richards et al., as Assignee, etc., Respondent, *v.*
Elmina La Tourette et al., Appellant.

In an action to foreclose a mortgage held by plaintiffs, as assignees for
the benefit of creditors of the mortgagees, defendant M., who had pur-
chased the premises subject to the mortgage, sought to set off a claim
against plaintiff's assignors. It appeared that at the time of the assign-
ment to plaintiffs, the debt secured by the mortgage was not due; that.
the assignors were insolvent and M. endeavored to have his debt, which
was due, applied by them upon the mortgage before it [was [assigned.
*Held,* that he was equitably entitled to the set-off; that it was not neces-
sary that the mortgage debt should have been due, as by seeking to have·
the debt due him applied thereon, M. had treated it as due and so waived
any defense he might have based upon the fact that it was not due; that
he had a right so to do and to require the set-off.
*Chance* v. *Isaacs* (5 Paige, 592); *Bradley* v. *Angel,* (3 N. Y. 475); *Myers* v.
*Davis* (22 id. 492); *Martin* v. *Kunzmuller* (37 id. 397); *Jordan* v. *N. S. &.*
*L. Bk.* (74 id. 470); *Munger* v. *A. C. N. Bk.* (85 id. 580), distinguished.
*Richards* v. *Village of Union* (48 Hun, 263), overruled.
The distinction between this case and one where the debt owing by the·
insolvent to the party desiring to avail himself of the set-off is not due,.
pointed out.
A certificate of deposit issued by the assignors, who were bankers, was·
part of the amount M. sought to have offset against the mortgage ;
this had never been presented and a demand made for its payment at
the banking-house of the assignors. *Held,* that a technical demand
was not necessary in a case like this, where the set-off is claimed not as.
matter of law, but of equity; that the claim of set-off may be regarded
as a demand, and should have relation to the time the assignment to·
plaintiffs was made, so far as to give form and life to the claim that the.
debt of the insolvents was then due.
It also appeared that M., after the assignment, recovered a judgment.
against the assignors for the amount of his debt, whereon an execution
was returned unsatisfied. *Held,* that M. did not thereby lose his right.
of set-off.
*Richards* v. *La Tourette* (53 Hun, 623), reversed.

(Submitted December 12, 1889; decided January 14, 1890.)

Appeal from judgment of the General Term of the Supreme·
Court in the fourth judicial department, entered upon an order
made July 20, 1889, which reversed a judgment in favor of
the defendant Mersereau, and granted a new trial.

This was an action to foreclose a mortgage given by the defendant Elmina La Tourette to Martin C. Rockwell in 1880.

In 1884 the said defendant conveyed the mortgaged premises to the defendant Edward C. Mersereau, Mersereau assuming and agreeing to pay the mortgage as part of the purchase-price. In 1885, Martin C. Rockwell and Melvin C. Rockwell, individually, and Martin C. Rockwell & Company, private bankers at the village of Union, Broome county, made a general assignment for the benefit of creditors, to the plaintiffs. Among the assets was the mortgage and the accompaning bond; at the time the assignment was made, Mersereau held a certificate of deposit for $267.73, and interest, issued by said banking-house and had moneys on deposit with it amounting to $193.51, the amount of which certificate and moneys he claimed should be set off in reduction of the amount unpaid upon said bond and mortgage. No part of the principal or interest of the bond and mortgage was due at time of the assignment.

Mersereau, prior to the assignment, requested the mortgagee to set off such certificate and moneys and apply them upon the mortgage. This he refused to do, upon the ground that the mortgage was not due.

Further facts are stated in the opinion.

*E. C. Moody* for appellants. The referee properly found, as a conclusion of law, that no partnership existed between Martin C. Rockwell and Melvin C. Rockwell, in said banking business, at any time after the execution of the writing between them, dated September 21, 1875, but that Martin C. Rockwell was the real owner of said business, and conducted the same without reference to said Melvin C. Rockwell. (3 Kent's Com. 24, 25, 28; Parsons on Part. 6, 54; Story on Part. §§ 2, 15, 18, 23; *Clift* v. *Barrow*, 108 N. Y. 192; *Salter* v. *Ham*, 31 id. 321; *Champion* v. *Bostwick*, 18 Wend. 175; *Vanderbury* v. *Hall*, 20 id. 70; *Briggs* v. *Vanderbilt*, 19 Barb. 222; *Griswold* v. *Waddington*, 16 John. 489; *Bennett* v. *Snyder*, 81 N. Y.

550.)    The agreement between Martin C. Rockwell and
Melvin C. Rockwell was an executory contract, and does not
amount to an agreement for a partnership.    (Parsons on Part.
6; 3 Kent's Com. 24; Story on Part. § 2; *Richardson* v.
*Hughitt*, 76 N. Y. 58; *Burnett* v. *Snyder*, 81 id. 550; *Cas-
sidy* v. *Hall*, 97 id. 159, 168; *Curry* v. *Fowler*, 87 id. 33;
*Clift* v. *Barrow*, 108 id. 192, 194.)    If it could be held there
was a partnership between Martin C. Rockwell and Melvin
C. Rockwell, called "M. C. Rockwell & Co.," it is a well
settled principle of law, "that insolvency, either of the whole
partnership, or of an individual member, dissolves a partner-
ship:" (3 Kent's Com. 58; *Sterritt* v. *T. N. Bank*, 46 Hun,
22.)    Investments in the name of Martin C. Rockwell are a
part of the partnership property, and "equity will consider it
converted into personalty, for the purpose of subjecting it to
the debts of the firm in preference to the debts of individual
partners," and as investments made in trust for the partner-
ship.    (*Smith* v. *Smith*, 5 Ves. 189; *Bank of Grote*, 18 J. &
S. 275; *Sage* v. *Sherman*, 2 N. Y. 428; *Columb* v. *Read*, 24
id. 505, 511; *Hiscock* v. *Phelps*, 49 id. 97; *Mitchell* v. *Reed*,
61 id. 123; *Fairchild* v. *Fairchild*, 64 id. 476, etc.; *Rosen-
burg* v. *Block*, 102 id. 205.)    The assignees in this action took
the property of Rockwell, and with it the Mersereau mortgage,
just as it stood on March 9th, 1885; and such property and
mortgage was subject, in the hands of the assignees, to all set-
offs, counter-claims and equities that existed on the day of the
assignment, between Martin C. Rockwell, an insolvent, and any
of his debtors or creditors.    (*Acer* v. *Hotchkiss*, 97 N.Y. 409.)

*Chapman & Lyon*, for respondents.    Defendant Mersereau
is not entitled to the set-off claimed, as at the time of making
the general assignment, there was nothing whatever due upon
the bond and mortgage.    (*Richards* v. *V. Union*, 48 Hun,
263; Code Civ. Pro. § 502; *Jordan* v. *N. S. & L. Bank*, 74
N. Y. 470; *Munger* v. *A. C. N. Bank*, 85 id. 580.)    There
was nothing due upon the bond and mortgage nor upon the
certificate of deposit.    (*Munger* v. *A. C. N. Bank*, 85 N. Y.

586 ; *Seymour* v. *Dunham*, 24 Hun, 93 ; *Smith* v. *Felton*, 43 N. Y. 419.)  Even if defendant Mersereau had the right, on the day the general assignment was made, to have a certificate of deposit not due set off against a bond and mortgage not due, he, having put that claim into judgment, has not that right now.  (*R. C. Co.* v. *Dimock*, 90 N. Y. 33–36.)  There can be no set-off of these claims for the reason that the bond and mortgage were property of Marvin C. Rockwell individually, while the claims sought to be used as a set-off were against Martin C. Rockwell & Company.  (*Clift* v. *Barrow*, 108 N. Y. 187–191.)

PECKHAM, J.   The order of the General Term in this case should be reversed.

The court below was entirely right in saying that the single question involved herein is, whether the defendant Mersereau was entitled to set off the claim which he held against the Rockwells, as against the mortgage which the plaintiffs as assignees seek to foreclose.  The General Term has denied this right on the sole ground that, at the time of the assignment by the Rockwells to the plaintiffs herein, the debt to the Rockwells upon the mortgage was not due.  It was not necessary that it should have been due in order to permit the offset.  The debt from the assignors Rockwell, who were insolvent, was due at the time that they made the assignment; and the debt upon the mortgage in favor of the Rockwells, although not due at the time of the assignment was nevertheless treated by the debtor as due, and he waived any defense based upon the fact that the mortgage was not due, by endeavoring to have the debt due to him offset against it.  It is not claimed that this offset comes within the statute in regard to offset, where it would be allowed in a court of law.  It is allowed upon equitable principles by a court of equity for the furtherance of justice, and in carrying out what such a court states is one of the principles which guides it, viz. :  The principle of offsetting cross demands against each other, in which, as it is stated, there is a natural equity.

This case cannot be distinguished in principle from that of *Rothschild* v. *Mack* (115 N. Y. 1). In that case the debt to the insolvent was not due at the time of the assignment; and still it was held that the debt due from the insolvent at the time of the assignment was properly offset against the debt to him. It was in that case stated that it has been frequently held that as to the right of set-off in equity, the fact that the debt owing to the insolvent is not due when he makes the assignment, is entirely immaterial. The cases of *Lindsay* v. *Jackson* (2 Paige, 581) and *Smith* v. *Felton* (43 N. Y. 419) are cited in support of this proposition. *Chance* v. *Isaacs,* (5 Paige, 592) is distinguished, and it is seen that in that case the mere fact that the debt to the insolvent was not due, would have furnished no excuse for refusing an offset.

The cases cited by the learned judge at General Term, are not, we think, in point. They are *Bradley* v. *Angel,* (3 N. Y. 475); *Myers* v. *Davis* (22 id. 492); *Martin* v. *Kunzmuller,* (37 id. 397); *Jordon* v. *National Shoe & Leather Bank* (74 id. 470); *Munger* v. *Albany City National Bank* (85 id. 580). In most of those cases the debt from the insolvent to the party desiring to avail himself of the set-off was not yet due, and it was in regard to such a debt that Judge GARDNER said, "by allowing a set-off in this case, the executors would be deprived of the legal right secured to the testator by contract and the complainants would obtain payment of their debt before it became due, to the prejudice of other creditors of the decedent." (*Bradley* v. *Angel, supra.*) In that case the plaintiffs owed a debt which was then due to the decedent's estate and the debt from the decedent's estate was not due at the time of the commencement of the action, and would not become due in some time thereafter. The action was commenced to compel the executors to offset their claim against the plaintiffs, by the claim of the plaintiffs against the estate, which was not yet due. This the court held could not be done either under the statute relating to set-off, or by virtue of the jurisdiction of a court of equity to adjudge a set-off in furtherance of justice. The distinction is of course very obvious. To allow a set-off

against an estate of an insolvent by setting off a debt from that estate, not yet by the terms of the contract due, as against a debt then immediately due to the estate, is to effect a change in the contract between the parties, and in the most vital and material portion of it, in order to meet, as is stated by Judge GARDNER a supposed equity arising from matters *ex post facto.* Whether it be equitable or not, the power of a court might well be doubted to absolutely change a contract entered into by the parties, without the consent of the one' who was to make the payment at the time and in the manner prescribed by the contract.

But where a debt is due from the insolvent, and it is a debt from the other party to the insolvent which is not due, the court does not change the contract against the will of the parties, but it simply takes the waiver of the debtor whose debt is not yet due, and only by his consent and at his request treats it as due at once. Where the insolvent holds a demand against his creditor, not due, he has no right to retain it as an investment. (*Bradley* v. *Angel, supra.*) All of his estate is to be used at once for the payment of his debts, and the party who owes the debt which has not yet matured under the circumstances of the insolvency, and where third persons are not injured, has the right, if he desire it, to treat his obligation to the insolvent as due at once, and, therefore, if the insolvent's debt to him is also due, he has the right to offset the two demands.

The case of *Jordan* v. *Natl. Shoe, etc., Leather Bank* (*supra*), is entirely in accord with these principles. Judge FOLGER, in that case, said there was no foundation for the defendant's claim that it had a banker's lien on the funds of the depositor to secure the payment of a debt from the depositor not then due. It was a case, he said, which was to be decided on the statute of set-off, and upon that statute there would be no pretense that it could be allowed. The opinion, however, distinctly recognizes the power of the court to compel a set-off independently of any statute, if facts for equitable interposition should be shown. None was pretended in that case. Insolvency

was neither alleged nor proved, and the learned judge closed his opinion with the remark, that if there were any circumstances existing which render it inequitable to deny him a set-off, he may set them up in the action on the demand against himself, and invoke the equity power of the court for that purpose.

In *Munger* v. *Albany City Natl. Bank* (*supra*), the same general principles were also recognized. In that case the note in regard to which the principle of set-off was to be applied, was transferred by a Rochester to the Albany bank, before it became due, and the latter took it in the ordinary course of business, in good faith and for a valuable consideration, and without notice of any claims in regard to it or offset connected with it, which might have existed in favor of Munger, the plaintiff, in the hands of the Rochester bank. The case of *Richards* v. *Village of Union* (48 Hun. 263), cited by the learned judge in his opinion, was, we think, wrongly decided, because it refused a set-off of the debt due by the insolvent at the time he made the assignment, simply because the debt from the village to the insolvent was not then due. The very fact of the insolvency gave to the party to whom the insolvent owed the debt the right to regard his own debt to the insolvent as due at once and to offset the two debts against each other.

In *Lindsay* v. *Jackson* (*supra*), the court, while holding that a debt from the insolvent, which was due, might be offset at the request of the debtor to the insolvent on a debt not due, stated that it would be otherwise if the debt were not due from the insolvent and the party were endeavoring to offset such debt against one then immediately due by him to the insolvent.

In this case it is claimed, however, that there is a defense to this offset, upon the ground that the certificate of deposit had not been presented to the plaintiffs' assignors and a demand made for its payment prior to the assignment. To maintain an action strictly upon a certificate of deposit against the person or banking institution signing it, a presentation of the certificate, with a demand for its payment may be nec-

essary, for the mere purpose of protection against the claim that the debt was due at the time the contract was made and that the party signing is liable for the payment of principal and interest from that time. The principle is also invoked as an answer to the statute of limitations, where the certificate has been outstanding more than six years. Under such a proceeding as this, where offsets are to be allowed as between these parties upon principles of equity and justice, the fact that no technical demand was made for the payment of this certificate, has no weight. For such a purpose the claim of offset may be regarded as a demand, and it should have relation to the time when the assignment was made, so far as to give form and life to the claim that the debt of the insolvent was due at the time. We agree, in this respect, with the views expressed by the learned presiding judge in *Seymour* v. *Dunham* (24 Hun, 93), where such a certificate was held valid as a set-off, although there had been no prior demand.

Nor is the allegation that the two Rockwells formed a partnership, and that both were liable as partners upon this certificate of deposit, material in this view. The findings of the referee are that Melvin C. Rockwell had no interest in the profits of the business, nor was he to sustain any of the losses, nor did Martin C. Rockwell sell or transfer to Melvin any interest in the banking business whatever, and the plaintiffs, in their own complaint, allege that the bond and mortgage and the debt secured thereby, belonged to and were the property of Martin Rockwell at the time of making the assignment, and that under and by virtue of said assignment the bond and mortgage passed to and became the property of the plaintiffs, as such assignees. Substantially, therefore, the transaction was one with the individual defendant, Martin C. Rockwell, as the deposit was made in the bank or banking office in which he was really solely interested, and the bond and mortgage were his individual property. Whether Melvin C. Rockwell was, by virtue of his agreement with Martin, a partner as to third persons, and so liable for the debts of the so-called partnership, is not a matter of any importance here.

It is also claimed that the defendant lost his right of offset because he commenced an action and recovered a judgment against the insolvent subsequent to the assignment for the amount of the debt due him. The reason why an offset is allowed in favor of an individual against the estate of an insolvent, where his debt to the insolvent is not yet due, is, because the party to whom the insolvent owes the debt cannot obtain any satisfaction by proceedings at law, and that unless the offset be allowed, he can obtain no satisfaction in any way. It is the inability to otherwise obtain satisfaction, which is the reason and foundation of the allowance of the offset. Proof of the insolvency of the party owing the debt is sufficient evidence of such inability. But the fact of that inability is rendered no less certain, where, in addition to other proof of insolvency, it is shown that a judgment has been recovered for the debt, and that an execution issued thereon has been returned unsatisfied.

We see no ground upon which the order of the General Term granting a new trial, can rest, and it should, therefore, be reversed, and the judgment entered upon the report of the referee should be affirmed, with costs in all courts to the defendants.

All concur.

Judgment reversed.