HENRY FERA, RESPONDENT, *v.* DANIEL H. WICKHAM AND OTHERS, APPELLANTS.

*Set-off — when a debt not due is a proper offset against a claim held by an insolvent's assignee for creditors.*

A firm, known as D. H. Wickham & Co., became indebted to one Fera, upon a draft, drawn by him on March 3, 1890, payable eight months after date, and accepted by the firm. On October 6, 1890, Fera became indebted to the firm upon a note made by him, on that day, payable at the end of eight months, and also on October twenty-second for goods sold to him by the firm. On October twenty-seventh D. H. Wickham & Co. made a general assignment for the benefit of their creditors.

On the hearing upon a demurrer interposed to the complaint in an action brought by Fera January 2, 1891, after the draft matured, to secure a set-off of so much of said acceptance as was necessary to pay his indebtedness to said firm.

*Held,* that the action could be maintained.

That, although the acceptance was not due when the assignment was made, it was in equity a proper set-off; inasmuch as the assignee, for the benefit of creditors, had paid no consideration therefor, and, as representative of the assignors, held the demand only for the benefit of their creditors.

*Semble,* that if the assignment had been to one for value the rule would be otherwise.

APPEAL by Daniel H. Wickham, George S. Wickham, Samuel E. Turner and Nathan J. Newitter, as assignee for the benefit of creditors of D. H. Wickham & Co., from an order, entered in the office of the clerk of the city and county of New York on the 24th day of March, 1891, overruling their demurrer to the complaint in the above-entitled action, and also from an interlocutory judgment, entered upon said order in said clerk's office on the 7th day of April, 1891.

This action was commenced January 2, 1891.

*John J. Adams,* for the appellants.

*Samuel J. Goldsmith,* for the respondent.

DANIELS, J.:

The action was brought to secure a set-off of the amount owing to the plaintiff upon the acceptance of a draft by the defendants D. H. Wickham & Co. The draft was drawn by the plaintiff on the 3d of March, 1890, and was due in eight months after its date. On the 6th of October, 1890, the plaintiff made and delivered his note for the sum of $536.25, to the order of the defendants, which was payable in eight months after its date. The firm of Wickham & Co. also sold and delivered to the plaintiff on the 22d of October, 1890, goods and merchandise for the price of seventy-nine dollars, which remained unpaid. After these obligations had in this manner been created, and on or about the 27th of October, 1890, Wickham & Co made a general assignment to the defendant Nathan J. New-witter for the benefit of their creditors, and after this acceptance became due this action was brought to secure a set-off of so much of it as was necessary for that purpose, for the satisfaction of the two debts which had been created against the plaintiff in favor of Wickham & Co. It was alleged in the complaint that Wickham & Co. were hopelessly insolvent, and were so prior to the 6th of October, 1890, and that by reason of such insolvency the plaintiff would be unable to secure the payment of this acceptance, which was for the sum of $1,390.60. The defendants demurred to the complaint, assigning in support of the demurrer that the complaint did not state facts sufficient to constitute a cause of action.

The precise point, which in this manner has been presented for determination, is whether the plaintiff is entitled in equity to set off so much of the amount due to him, upon the acceptance of Wickham & Co., as will satisfy the liabilities incurred by him in the manner already stated, although his debt had not matured and become payable at the time of the general assignment. This question was considered by the General Term of the fifth department in *Rothschild* v. *Mack* (42 Hun, 72), and it was the conclusion of the court that such a set-off might be secured. This case was afterwards before the Court of Appeals for its consideration and is reported in 115 New York, 1.

In the decision then made the court concluded that the plaintiffs had a present demand against their debtor which was enforceable in this manner, and, therefore, sustained the judgment recovered in the

Supreme Court. But, in making the decision, nothing was said in any form tending to impair or strengthen the effect of the decision of the General Term. It was, on the contrary, stated in the opinion that the correctness of the decision was not intended to be denied, and that it was left without either affirming or disaffirming the view expressed by the General Term. Accordingly the decision first made stands at the present time in full force and effect upon this disputed point. And it may be considered, inasmuch as the assignee for the benefit of creditors advanced nothing whatever as a consideration for the assignment, but stood in the position of the assignors holding the property for the benefit of their creditors under their assignment, that the views of the General Term were sound and should be followed in the disposition of this case. If the assignment made by the papers had been to some person for a present consideration, there the right of set-off would probably be defeated. But where, as the fact is here, the assignee takes no interest in the demands for himself, but continues to hold them for the advantage of the assignors and the benefit of their creditors, a different rule appears to be proper. For there is no substantial reason justifying the conclusion that any rights whatever have, by the assignment, been brought into existence inconsistent with this right of set-off in favor of the plaintiff. This subject was also considered in *Chenault* v. *Bush* (84 Ky., 528). And it was held by the court, as against an assignee for the benefit of creditors, and a receiver subsequently appointed to collect in the debts and demands owing to the assignors, that this right of set-off in equity existed, although the plaintiff had no present demand due to him at the time when the assignment was made. There he had joined with the assignor in a joint obligation for the payment of an indebtedness. This obligation was created prior to the assignment, but he paid nothing until after the assignment had been made. And the court held that he was entitled to insist upon this equitable right of set-off on account of that payment, although it was made after the execution and delivery of the assignment. This case is substantially like the case now presented upon this appeal. And incidentally the principle seems to be approved by *Schuler* v. *Israel* (120 U. S., 507, 510). And while the subject has been discussed in other authorities, and views not entirely har-

monious have been expressed, there is sufficient in the equities of the case supported by these decisions, not only to require, but to render it the duty of the court to sustain this judgment.

The judgment should, accordingly, be affirmed, with costs.

Van Brunt, P. J., concurred.

Judgment affirmed, with costs.