## McCAMPBELL *v.* NATIONAL CITY BANK.

*(Supreme Court, General Term, First Department.    June 29, 1892.)*

SET-OFF—CLAIM NOT DUE—INSOLVENCY.

A debt from an insolvent, not due at the time of his making an assignment for the benefit of creditors, may be set off by the creditor against a debt due from him to the insolvent at the time of the assignment.  *Rothschild* v. *Mack*, 42 Hun, 73, and *Fera* v. *Wickham,* (Sup.) 15 N. Y. Supp. 892, followed.

Appeal from special term, New York county.

Action by Edward A. McCampbell, as assignee, against the National City Bank. From an interlocutory judgment overruling a demurrer to the answer, plaintiff appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*Smith & Perkins,* (*Edward C. Perkins,* of counsel,) for appellant.    *Stern & Rushmore,* (*Mr. Rushmore,* of counsel,) for respondent.

O'BRIEN, J.    The amended complaint shows that the plaintiff is the substituted assignee of the firm of P. Doddridge & Co., under an assignment made by that firm dated February 23, 1891, and valid under the laws of Texas, of which state the members of the firm were residents, and where they carried on their business.    The suit is brought to recover moneys of that firm in the hands of the defendant at the time of the assignment, amounting to $4,635.84, and further moneys collected by it for the firm after the making of the assignment, and prior to March 2, 1891, amounting to $2,095.    The answer sets up two affirmative defenses by way of set-off, to which the demurrer was interposed.    By the first defense it is, in substance, alleged that plaintiff's assignors, by permitting the defendant to believe in and rely upon their solvency, allowed that firm to open an account with it on the 15th day of September, 1890; that thereafter, and on or about December 10, 1890, the firm of Doddridge & Co. delivered their note for $15,000 to the defendant, with the request to discount the same for their account, which the defendant did, believing in and relying upon the solvency of that firm, and placed the proceeds of the discount to the credit of the firm; that when said account was opened the firm of Doddridge & Co. were in embarrassed circumstances, and were in that condition at the time they requested the discount of the defendant, and thereafter remained, and were at all times that they drew the proceeds of said discount from the defendant, entirely insolvent, and were known by them to be so insolvent, which fact was fraudulently concealed from the defendant.    It will thus be seen that the first plea of set-off is based on the insolvency of the plaintiff's assignors, supplemented by facts tending to show fraud in the creation of the debt from such assignors to the defendant.    The second plea of set-off is mainly founded upon the insolvency of plaintiff's assignors and the natural equities that flow to the defendant by reason of that condition.    To these defenses the plaintiff demurred upon the ground that they did not state facts sufficient to entitle the defendant to an equitable set-off to plaintiff's claim.

It will be noticed that at the time of the assignment by Doddridge & Co. to the plaintiff $4,000 of the indebtedness from the defendant was due, and that the balance of it was thereafter collected.    The note for $15,000, on which Doddridge & Co. had obtained a discount from the defendant, did not mature until after the making of the assignment; though before the plaintiff commenced the action, and in fact before the plaintiff became vested as sole substituted assignee with the right to demand the property of the assignors or to maintain the action, the note of the assignors to the defendant bank had become due and payable.    The defendant's right to offset this claim, maturing after the assignment, as against the amount due to the insolvents at the date of the assignment, is placed upon two grounds,—the *first,* fraud in contract-

ing the debt, coupled with insolvency; and, *secondly*, the insolvency of Doddridge & Co., coupled with the fact that both debts matured before plaintiff had the legal capacity to sue. With respect to the first there can be no question, in view of the decision in *Rothschild* v. *Mack*, 115 N. Y. 1, 21 N. E. Rep. 726, that, if the facts alleged in the answer would justify the legal conclusion that the debt was fraudulently contracted, then the plaintiff's assignors having obtained the money by means of fraud, they at once become liable to repay the same, and it was therefore a debt immediately due, which, as against any claim enforceable by the plaintiff, would have been the proper subject of a set-off. We do not think, however, that it is clearly made to appear upon the facts averred that the debt to the defendant was fraudulently contracted; the only fact tending to support the theory of fraud being the failure of the plaintiff's assignors to apprise the defendant of their exact financial condition at the time of opening the account, and thereafter down to the date when they obtained the discount of the $15,000 note. In the absence of any other facts or express representations of solvency, we doubt if legal fraud could be predicated upon such negative conduct of Doddridge & Co. It is unnecessary, however, for us to determine this question, as we think the judgment appealed from, in view of the present condition of the law, should be affirmed upon the second ground, namely, the insolvency of plaintiff's assignors, coupled with the fact that both debts matured before the action was commenced. This latter circumstance of the maturing of the indebtedness before the plaintiff had legal capacity to sue, or before the action was commenced, is not one upon which much or great stress is laid; the substantial ground entitling the defendant to the equitable right of set-off being mainly the insolvency of plaintiff's assignors, and the natural equities that arise in favor of the defendant superior to general creditors represented by the plaintiff, appearing from the facts alleged in the answer.

The question thus presented may, for greater clearness, be thus formulated: "Where, at the date of a general assignment for the benefit of creditors there is an indebtedness due the insolvent from a third party, and an indebtedness from the insolvent to such third person exists, but has not yet matured, can such third party be allowed a set-off in equity? Or, as applied in this case, was the circumstance of the insolvency of P. Doddridge & Co. alone sufficient to sustain defendant's right to set off? It would serve no useful purpose to examine the numerous and recent decisions upon this question of when the right to set off exists, it being sufficient to refer to the cases which have passed upon the precise question here presented, and which should be followed until a contrary view is taken by the court of appeals. *Rothschild* v. *Mack*, 42 Hun, 73, is a direct authority in favor of the defendant's right in this case to set off the claim which had not matured at the date of the assignment. It is true that upon the appeal the judgment was affirmed upon the ground that the debt, having been fraudulently contracted, thereby became immediately due and payable; but the court expressly said that they did not "wish to be understood as denying the correctness of the holding at general term. We simply do not decide the case upon that ground, and we neither affirm nor disaffirm its correctness." The precise question was again presented before the October term (1891) of this court in *Fera* v. *Wickham*, 15 N. Y. Supp. 892. The principle was again maintained that a plaintiff who had certain claims against an insolvent firm, which were not due, could maintain an action to secure a set-off against an indebtedness due by him to the defendant assignors. These two general term decisions of *Rothschild* v. *Mack* and *Fera* v. *Wickham* have been followed, not only in this case, but by the special term of this court in *Harding* v. *Bank*, and by the special term in Kings county in the case of *Peck* v. *Bank*.[1] We think that these two general term decisions are

[1] See note at end of case.

controlling as authorities upon this court, and should be followed until the precise question is ultimately determined by the court of appeals. The judgment appealed from should therefore be affirmed, with costs. All concur.

### NOTE.

The opinion of Mr. Justice BEACH in Harding v. Hanover National Bank, filed **January 11, 1892**, in the supreme court, special term, New York county, is as follows:

"The plaintiff demurs to the claim for an equitable set-off contained in defendant's answer. The facts admit of no contention. When the intestate, Stone, died, March 27, 1891, there was on deposit in defendant's bank to his credit eleven hundred and twenty-one 40-100 dollars. Letters of administration were issued to plaintiff, April 29, 1891, who qualified, and then demanded payment of the sum on deposit from the bank, which was refused, and this action brought. The defendant bank, at Stone's request, discounted January 14, 1891, his promissory note for five thousand dollars, at ninety days, and paid him the proceeds. The note matured April 20, 1891, after Stone's death, but before the plaintiff's appointment and demand. It is the amount due on this note the defendant claims to be an equitable set-off, the estate of Stone being insolvent. It may now be concluded that insolvency is a tenable ground for allowing a set-off in equity. The principle was held in Lindsay v. Jackson, 2 Paige, 581, and recognized in many intervening adjudications down to Richards v. La Tourette, 119 N. Y. 54, 23 N. E. Rep. 531. The real legal controversy arises from the fact that the note held by the defendant bank did not mature until after the death of Stone, while at that date his deposit was subject to immediate demand and payment, the plaintiff's title relating back to that time. This point is, I think, adjudicated against the plaintiff in Rothschild v. Mack, 115 N. Y. 1, 21 N. E. Rep. 726, 42 Hun, 72, and Fera v. Wickham, (Sup.) 15 N. Y. Supp. 892. In the former case the insolvents made a general assignment, December 19, 1884, and the debt from them did not mature until the note matured December 22, 1884. In the case at bar the note matured prior to suit brought, and at that time was an existing debt due. The equity of set-off would be unsubstantial, and practically without beneficial power, were it denied under these circumstances. Judgment for defendant on the demurrer, with costs."

Peck v. Bank was an action by Aaron Peck, as receiver, against the Pacific Bank to recover money in its hands, alleged to belong to the corporation of which plaintiff was receiver. The opinion of Mr. Justice CULLEN, filed November 23, 1891, in the supreme court, special term, Kings county, is as follows:

"It must be admitted that at one time the law was settled in this state, so far as could be, by judicial decisions, that equity would not set off a claim not yet due on the application of the holder of that claim. Munger v. Bank, 85 N. Y. 580; Jordan v. Bank, 74 N. Y. 472; Bradley v. Angel, 3 N. Y. 475. But in Rothschild v. Mack, 42 Hun, 72, the reverse was held law. This case was affirmed by the court of appeals (115 N. Y. 9, 21 N. E. Rep. 726) on the ground that the debt having been contracted through fraud, it was presently due at the option of the creditor. That court, however, left the question on which the case was decided at general term open, expressly refusing to affirm or disaffirm the principle laid down by the lower court. In Fera v. Wickham, 15 N. Y. Supp. 892, the general term of the first department felt bound by the general term decision in Rothschild v. Mack, so long as the same had not been overruled. The special term should certainly follow these two general term authorities, leaving the question to be ultimately determined by the court of appeals. The exact question seems to have been decided by the United States supreme court in the case of Schuler v. Israel, 120 U. S. 506, 7 Sup. Ct. Rep. 648. I cannot agree with counsel for plaintiff that that case is not in point. The plaintiff there was an attaching creditor, and the court held that, even against the attachment, the bank could set off debts not yet matured at the time of the attachment, the depositors being insolvent. In Fera v. Wickham the court does not seem to notice Richards v. La Tourette, 119 N. Y. 54, 23 N. E. Rep. 531. In this last case Judge PECKHAM again points out the distinction between unmatured claims against the insolvent and such claims held by the insolvent. But still in that case the set-off was allowed, the point here in controversy not arising there, and the learned judge goes no further than to say that the power to set off a debt against the insolvent not due is doubtful. In this condition of judicial authority I must decide this case for defendant."