SYRACUSE RAPID-TRANSIT RY. CO. v. SALT SPRINGS NAT. BANK et al.

(Supreme Court, Special Term, Onondaga County. July, 1899.)

1. INJUNCTIONS—ADEQUATE LEGAL REMEDY.
    Where a pledgee of bonds pledged them to defendants to secure a personal indebtedness, the original owners are not entitled to an injunction restraining defendants from disposing of the bonds, in the absence of an allegation in the complaint that the pledgee was insolvent, or not in financial condition to respond to such owners for their conversion, since they have a plain and adequate remedy at law.

2. APPEARANCE—WAIVER OF DEFECTS.
    A defendant's appearance does not prevent him from taking advantage of defects in the complaint.

Application by the Syracuse Rapid-Transit Railway Company for an injunction against the Salt Springs National Bank and others to restrain the sale of certain bonds. Denied.

Stone, Gannon & Petit (William S. MacKenzie, of counsel), for plaintiff.

Tracy, Ayling & Chapman, for defendant Kimball.

Benedict & Gridley, for defendants the Salt Springs Nat. Bank and Francis W. Gridley.

ROSS, J.   The plaintiff alleges in its complaint that after November, 1898, the defendant Kimball loaned to the plaintiff the sum of $44,800, and that as security for such loan the plaintiff gave to the defendant Kimball its promissory notes, aggregating the aforesaid sum, and pledged with the said Kimball its second mortgage bonds of the face value of $112,000, which bonds were given as collateral security to the payment of said notes, the amount so borrowed as aforesaid being 40 per cent. of the face value of the bonds so pledged. It is further alleged in the complaint, upon information and belief, but without stating the source of such information, that the defendant Kimball has pledged certain of the aforesaid second mortgage bonds so held by him as collateral security with the other defendants to secure the personal obligations of the said Kimball; and further states upon information and belief, without disclosing the source of such information, that it is the purpose and intention of the defendants to sell and dispose to bona fide purchasers certain of the aforesaid bonds.   It is also alleged that notice has been given to the defendants of the foregoing facts, and also notice that, if the bonds are returned, the plaintiff will pay 40 per cent. of their face value to apply upon the notes of the company, for which the said bonds were originally given as collateral security; that, if the defendants are permitted to sell or dispose of the bonds so pledged to bona fide purchasers, such purchasers will hold them as obligations of the plaintiff at their face value, and irreparable damage will be caused to the plaintiff, for which there is no adequate remedy at law.   It is also alleged in the complaint that it is the intention of the plaintiff to commence a replevin action to recover possession of the bonds held by the defendants.

It is claimed by the defendants that the plaintiff is not entitled to a preliminary injunction:   First, because the bond given upon obtaining the order to show cause was executed by W. P. Gannon, an attorney at law, and one of the attorneys for the plaintiff herein; second, that the allegations of the complaint with reference to the proposed transfer of the bonds described therein are upon information and belief, and do not show the source of such information; third, that the plaintiff has an adequate remedy at law.

The application for an injunction must be denied upon the ground last stated, without considering the other grounds.   It not only appears that the plaintiff has an adequate remedy at law, it being, in fact, stated in the complaint that it is the intention of the plaintiff to begin an action of replevin to recover the bonds in question, but the papers presented do not disclose, nor was it suggested upon the argument, that the defendant Kimball is not solvent, and able to respond in an action of conversion or replevin for any damages which may be recovered against him if he violates the agreement under which he holds the bonds of the plaintiff.   In November last Kimball was in financial condition to loan to the plaintiff nearly $45,000. Some suggestion should be made of his insolvency before such fact can be assumed.   A suitor will not be confined to legal remedies alone when, by reason of the insolvency of a party, such legal remedies are inadequate.   A court of equity will interfere to prevent an

injustice if the relief sought is in accordance with equitable prin-
ciples, and does not violate any legal rights of the parties against
whom such relief is sought.    Such is the case of allowing A., who is
solvent, and who has an overdue claim against B., who is insolvent,
to set off such claim against a claim not due, which A. owes B.    Rich-
ards v. La Tourette, 119 N. Y. 54, 57, 23 N. E. 531.    Where the in-
solvency of a party to an action is sought to be made a ground for
equitable relief, insolvency must be alleged and proved.    In the case
of Myers v. Bank (Sup.) 16 N. Y. Supp. 58, cited by plaintiff's counsel,
the complaint contains an allegation that the defendant Backer, to
whom the stock was pledged, had made a general assignment for the
benefit of his creditors, and that his assets are insufficient to dis-
charge his liabilities.    It is claimed by the plaintiff that the general
appearance of the defendants upon the application for this injunction
cured any prior defects in the proceedings.    The cases cited to sus-
tain this contention are cases of irregularity in the process by which
the defendant was brought into court, and it was held that a general
appearance cured such an irregularity; but in this case the summons
brought the defendants into court.    The jurisdiction of the court in
no manner depends upon the continuance of this injunction.    I have
never heard it claimed that a litigant who appears generally cannot
take advantage of the insufficiency of his adversary's papers, save
that he may be precluded from saying that he is not in court.    Mo-
tion for an injunction denied, with the usual motion costs, and tempo-
rary injunction vacated.

Motion denied, with costs, and temporary injunction vacated.