STAFFORD SECURITY COMPANY, INC., Appellant, *v.* GEORGE
KREMER, Respondent, Impleaded with Others.

(Argued October 14, 1931; decided December 1, 1931.)

*Henry Waldman* and *Joseph G. Abramson* for appellant.
A subtenant cannot offset from rent accruing *in futuro,*

against a transferee or assignee of the master lease, or the grantee of the fee, any debt due and owing from the grantor or transferer. (*Darby* v. *Callaghan*, 16 N. Y. 71; Real Prop. Law, § 290; 1 McAdam, Landlord & Tenant [3d ed.], § 238.) In an action by an assignee, setoff can only be allowed where the claims are mutual, that is where both were due and payable before the transfer of either to a third party. (*Paterson* v. *Paterson*, 59 N. Y. 574; *Jordan* v. *National Shoe & Leather Bank*, 74 N. Y. 467; *Coffin* v. *McLean*, 80 N. Y. 560; *Beckwith* v. *Union Bank*, 9 N. Y. 211; *Koegel* v. *Michigan Trust Co.*, 117 Mich. 542; *Green* v. *Darling*, 10 Fed. Cas. No. 5765.) The statutes have not changed the above rule. (Civ. Prac. Act, §§ 266, 267, subd. 1.)

Alexander Pfeiffer and Joseph Lotterman for respondent. The tenant's undisputed demands against the landlord's assignor, maturing before the assignment of the claim for rent, and belonging to the tenant in good faith, before notice thereof, were properly allowed as setoffs to the landlord's petition, though the assigned claim for rent matured after the date of the transfer. (Civ. Prac. Act, §§ 266, 267; *Seibert* v. *Dunn*, 216 N. Y. 237; *Deeves & Son* v. *Manhattan Life Ins. Co.*, 195 N. Y. 324; *Bien* v. *Freund*, 26 App. Div. 202; *Michigan Sav. Bank* v. *Millar*, 110 App. Div. 670; *American Guild* v. *Damon*, 186 N. Y. 360; *American Exchange Nat. Bank* v. *Smith*, 61 Misc. Rep. 49; *Seligman* v. *Dudley*, 14 Hun, 186.)

CARDOZO, Ch. J. By an instrument dated February 10, 1930, the Correll Real Estate Corporation assigned to the petitioner, Stafford Security Company, Inc., a leasehold estate, to expire January 31, 1956, in the building 9 East Forty-fifth street in the city of New York.

The assignment was subject to a sublease, covering part of the building, to expire August 31, 1937, and then held by the respondent Kremer.

After the assignment, and on March 1, 1930, rent in the sum of $3,500 became due under the sublease for the

three months then beginning. The rent being unpaid, the petitioner began summary proceedings to dispossess the subtenant.

The subtenant by his answer admitted the non-payment of the rent as charged in the petition, but set up counterclaims for the rent of other buildings due from the petitioner's assignor at the time of the assignment.

The petitioner takes the ground that a demand existing against the assignor at the time of the assignment is not available in an action or proceeding by the assignee to recover upon a demand for rent accruing after the assignment.

The respondent insists that a contract demand matured at the time of the assignment may be made the subject of a counterclaim to a demand on contract in favor of the assignee whether maturing before or afterwards.

By Civil Practice Act, section 267, subdivision 1, it is prescribed that in an action by the assignee of a contract, other than a negotiable promissory note or bill of exchange "a demand existing against the party thereto or an assignee of the contract at the time of the assignment thereof, and belonging to the defendant, in good faith, before notice of the assignment, must be allowed as a counterclaim to the amount of the plaintiff's demand, if it might have been so allowed against the party, or the assignee, while the contract belonged to him."

The respondent's demands were not allowable as counterclaims while the contract, the subject of the assignment, belonged to the assignor. The objection is not merely that the causes of action now sued upon by the plaintiff had not yet matured. Whether that without more would defeat the allowance of the counterclaims, we do not now determine (cf. *Richards* v. *LaTourette*, 53 Hun, 623, 627; revd. on other grounds, 119 N. Y. 54). The deeper objection is that the generative transaction out of which a cause of action might ultimately be born was non-existent or at best inchoate. At the time of

the assignment the assignor had not yet supplied the consideration, the possession of the land, in return for which the defendant was under a duty to pay this install-ment of the rent (*Kottler* v. *New York Bargain House, Inc.*, 242 N. Y. 28, 35; *Deane* v. *Caldwell*, 127 Mass. 242; *Matter of Roth & Appel*, 181 Fed. Rep. 667). The consideration was supplied thereafter by the assignee of the lease, the new owner of the reversion. It is the petitioner assignee, and not the original lessor, whose building will be occupied rent free if the offsets shall prevail. The respondent's demands were unavailable as counterclaims while the contract belonged to the assignor, not merely because the remedial form, an action for rent, would have been premature, but for defect of the operative facts out of which remedies arise (Clark on Code Pleading, pp. 84, 503). The difficulty is not merely that in the hands of the assignor the cause of action was imperfect. The difficulty is that it did not exist at all.

An illustration will help to clarify the distinction. We may assume the case of a contract to build a house with permission to the builder to assign the contract to another. Before any work is done, an assignment is made, with the result that the whole consideration is supplied by the assignee, who carries the work to completion. At the end the owner of the land, who has maintained a prudent silence while the work is going on, gives notice of his counterclaims. Undoubtedly demands existing against the assignor at the time of the assignment will be available in an action by the assignee to recover any moneys that were then due under the contract. They may even be available where at the time of the assign-ment the moneys have been earned, or the consideration therefor has been supplied, though payment has been postponed. That question is not here. We think they are not available, where both remedy and consideration have their origin thereafter.

A different conclusion would make it possible that the

assignee of a reversion would be unable to collect rent from a tenant in possession during an unexpired term extending over many years, if before notice of the assignment the tenant had become the owner of a cause of action on contract against the assignor. Such a result is too harsh, it would impose too great a clog upon the free alienation of land, to be accepted, unless under manifest compulsion, as flowing from the statute. The compulsion is lacking, for the statute is at best obscure.

Nothing said in this opinion applies to a case where the counterclaim, if there had been no assignment, would fall within the provisions of subdivision 1 of section 266 (a counterclaim growing out of the same contract or transaction), and not within the provisions of subdivision 2 (*Seibert* v. *Dunn*, 216 N. Y. 237, 240).

The order of the Appellate Division should be reversed, and the determination of the Appellate Term affirmed, with costs in the Appellate Division and in this court.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.