379 MADISON AVENUE, INC., Plaintiff, *v.* THE STUYVESANT COMPANY, Defendant.*

City Court of New York, New York County, April 13, 1933.

* Affd., by App. Term, 1st Dept. Oct. 25, 1933.

524

*Seth B. Robinson*, for the plaintiff.

*Konta, Kirchwey & Engel* [*Karl W. Kirchwey* of counsel], for the defendant.

SCHIMMEL, J. This action is for rent for the months of April and May, 1932, due under a written lease. On April 30, 1923, the plaintiff, as owner in fee, leased in writing to the defendant the Madison avenue end of the third floor of premises 383 Madison avenue for a term ending April 30, 1934. The defendant thereafter underlet first part and then the remainder of these demised premises to a corporation known as the Decorators Furniture Co., Inc., the term of the underletting also expiring on April 30, 1934. Subsequently, and in August of 1929, the plaintiff leased the *entire* third floor of premises 383 Madison avenue to the Decorators Furniture Co., Inc., subject to all existing leases thereon; and it simultaneously assigned to the Decorators Furniture Co., Inc., all its right, title and interest in and to the lease of April 30, 1923, made with the defendant herein. The Decorators Furniture Co., Inc., thus became both the landlord and the tenant of the defendant; this dual relationship resulted in rental adjustments or set-offs as set forth in a written agreement entered into between them and dated October 10, 1929. This agreement specifically recited that the rental set-offs were to be made " in order to avoid unnecessary exchange of checks." The agreement also provided that " except as herein modified with reference to the payment of rent, all of said leases shall remain and continue in full force and effect." It appears that on February 15, 1932, the lease between the plaintiff and the Decorators Furniture Co., Inc., was canceled and at the same time the Decorators Furniture Co., Inc., reassigned to the plaintiff the aforesaid lease of April 30, 1923, between the plaintiff and the defendant. Thus, on February 15, 1932, the plaintiff again became the landlord of the defendant. Upon the defendant's refusal to pay the March, 1932, rent due under the original lease of April 30, 1923, the plaintiff brought summary proceedings in the Municipal Court for the non-payment of said rent, and also for other rent which had accrued prior thereto. The defendant, in resisting that action, set up and relied upon the agreement of

October 10, 1929, as a bar to any recovery by the plaintiff. Mr. Justice GENUNG of the Municipal Court in effect held that the plaintiff as landlord was entitled to recover from the defendant only the unpaid rent due after the reassignment of February 15, 1932, that is to say, the rent commencing with and due on March 1, 1932. This holding was necessarily predicated upon the finding that the agreement of October 10, 1929, was made merely to avoid an unnecessary exchange of checks, and that by the reassignment of February 15, 1932, the plaintiff and the defendant were respectively restored to their former positions as landlord and tenant under the lease of April 30, 1923. The Appellate Term affirmed the decision of the Municipal Court with the exception that it allowed to the defendant a set-off of $625 which had been overlooked.

The defendant now contends that there is a different issue in the present case than was presented to the Municipal Court, in that the agreement of October 10, 1929, is now pleaded as an accord and satisfaction. The trouble with this contention is that this agreement was pleaded in the Municipal Court proceeding and was judicially construed both by it and the Appellate Term. The fact that it was there labeled a merger or cancellation, whereas here it is termed an accord and satisfaction, can make no difference. It is not necessary to designate a defense if the facts constituting the same are pleaded. Facts and not their characterizations strew the path to judicial pronouncement. As has been said: " The doctrine of *res judicata* does not rest upon the fact that a particular proposition has been affirmed and denied in the pleadings, but upon the fact that it has been fully and fairly investigated and tried,— that the parties have had an adequate opportunity to say and prove all that they can in relation to it, that the minds of court and jury have been brought to bear upon it, and so it has been solemnly and finally adjudicated." (2 Black Judgments [2d ed.], § 614, p. 936.) (See, also, *Reich* v. *Cochran*, 151 N. Y. 122, 126; *Fulton Co. G. & E. Co.* v. *Hudson River T. Co.*, 200 id. 287, 296, 297; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 id. 304; *Fairview-Chase Corp.* v. *Scharf*, 254 id. 55; *Elna Realty Co., Inc.,* v. *Mamaquarro Apartments Corp.*, 234 App. Div. 105.)

The aforesaid agreement is not now open to judicial interpretation; it has already been construed and its legal effect determined; such determination is binding upon the parties. It may, however, be said that it could not in any event, since it lacks the necessary elements thereof, be properly construed as an accord and satisfaction. " An indispensable element contributing to the establishment of this defense [accord and satisfaction] consists in an actual

and substantial difference of opinion. One must assert the validity of his claim and the other must in good faith deny all or part of it." (*Schuttinger* v. *Woodruff*, 259 N. Y. 212, 216.)

The defendant, in its answer, seeks also to offset against the plaintiff rent for the months of March, April and May, 1932, which became due to it from the Decorators Furniture Co., Inc. The difficulty with this is that these rentals matured after the Decorators Furniture Co., Inc., had reassigned the original lease to the plaintiff. This offset, therefore, must fail. (*Stafford Security Co.* v. *Kremer*, 258 N. Y. 1.)

The defendant further desires, pursuant to section 117 of the Civil Practice Act, to be permitted to amend its answer so as to plead the aforesaid rentals due it from the Decorators Furniture Co., Inc., as a counterclaim against the plaintiff as well as an offset. For the reason that the claim for this rental must fail as an offset it must also fail as a counterclaim, and it would serve no purpose to give to the defendant leave to amend its answer by designating this demand as a counterclaim.

The motion for summary judgment is granted, and judgment is directed in favor of the plaintiff against the defendant herein for the relief demanded in the complaint; execution to be stayed five days after entry of judgment. The motion of the defendant for leave to amend its answer is denied. Submit order.